WIGGINTON, Chief Judge.
Appellant sued appellee for personal injuries sustained as a proximate result of ap-pellee landlord’s negligence in failing to make necessary repairs to the back porch of a dwelling which appellant occupied as a tenant. Based upon the pleadings and plaintiff’s deposition on file in the cause, the court granted defendant’s motion for summary judgment. This order is based solely upon the court’s finding that appellant’s own negligence contributed to some extent to her having sustained the injuries for which she seeks recovery. From a final judgment dismissing the complaint and taxing costs in favor of appellee this appeal is taken.
The principal thrust of appellant’s argument is that the trial court erred in granting appellee’s motion for summary judgment. It is contended that the only evidence on file before the court upon which his order is based, and from which his findings were made, is the deposition taken of plaintiff during discovery proceedings. Appellant earnestly contends that this evidence with all reasonable inferences which may lawfully be drawn therefrom, when considered in the light most favorable to plaintiff, creates a genuine issue of the material fact as to whether plaintiff was guilty of contributory negligence as a matter of law. It is therefore reasoned that since a jury question on this issue was presented by the evidence, the trial court erred in withdrawing the case from the jury and entering judgment in favor of defendant.
We have repeatedly held in numerous decisions that when an appeal is taken from a decision, order, judgment or decree entered by the trial court, the burden rests squarely upon appellant to clearly demonstrate by the record that prejudicial error was committed. Included in this burden is the clear responsibility devolving upon appellant’s counsel to bring to this court a trial record containing every phase of the trial proceedings which must necessarily be considered in order that it may be determined whether prejudicial error was actually committed. When the question presented for our consideration must necessarily turn upon the sufficiency or the insufficiency of the evidence to support the trial court’s ruling, it becomes indispensable that such evidence be included in the record on appeal.
Although appellant’s right to reversal in this case depends entirely upon a consideration by this court of plaintiff’s deposition which was the only evidence on file in the cause and considered by the trial court in connection with defendant’s motion for summary judgment, appellant has failed to include such deposition in the record on appeal. It well may be, as contended by appellant, that such evidence, when considered in a light most favorable to appellant, creates a genuine issue of a material fact with regard to plaintiff’s contributory negligence. Because of appellant’s failure to bring to this court the evidence discussed in her brief, we are powerless to agree with her on the theory of law upon which she relies for reversal. This identical situation *514 has arisen in numerous cases filed in the appellate courts of this state. It has been repeatedly held that under such circumstances reversible error cannot be demonstrated and the appellate court must necessarily affirm the judgment appealed.[1]
Affirmed.
STURGIS and CARROLL, DONALD, JJ., concur.

. Greene v. Hoiriis, Fla.App.1958, 103 So.2d 226; Johnson v. Roberta, Fla. 1955, 79 So.2d 425; Hartford Fire Ins. Co. v. Brown, 60 Fla. 83, 53 So. 838.