698 So.2d 294 (1997)
WATKINS ENGINEERS & CONSTRUCTORS and Gallagher Bassett, Appellants,
v.
Charles WISE, Appellee.
No. 96-2641.
District Court of Appeal of Florida, First District.
July 16, 1997.
Rehearing Denied August 26, 1997.
*295 Mary E. Cruickshank of McConnaughhay, Roland, Maida & Cherr, Tallahassee, for Appellants.
Barry Silber of Barry Silber, P.A., Pensacola, for Appellee.
ERVIN, Judge.
The employer, Watkins Engineers & Constructors, and insurance carrier, Gallagher Bassett (collectively, the E/C), appeal an order of the judge of compensation claims (JCC) finding claimant, Charles Wise, to be permanently and totally disabled (PTD) as a result of his chronic obstructive pulmonary disease (COPD), an occupational disease pursuant to section 440.151, Florida Statutes (1993). The E/C contends that the JCC erred by (1) declining to determine whether claimant's work was the major contributing cause of his COPD, (2) denying the E/C's motion for an additional independent medical examination (IME), and (3) excluding the unsworn telephone testimony of an expert witness. We affirm.
Wise smoked one and one-half packs of cigarettes a day for 40 years, and worked for 22 years, half of those for the employer, as a "loader" of various chemical products, primarily ammonium nitrate pellets. Wise was diagnosed with COPD in early 1995, and his physician considered him incapable of working after March 13, 1995. Dr. Messina testified that both smoking and ongoing, unprotected AN exposure caused claimant's COPD, but he could not allocate the responsibility of each. The JCC concluded that Wise is PTD as the result of occupational disease.
Section 440.151(1)(a) provides that the disability of an employee as the result of an occupational disease "shall be treated as the happening of an injury by accident," regardless of any other provisions of chapter 440. The statute further requires a showing that the claimant contracted the disease from an employment condition and that claimant's occupation presented a particular hazard of such disease.
The E/C challenges the JCC's rejection of its argument that Wise's injury must not only satisfy the criteria of section 440.151(1)(a), but must also satisfy the "arising out of" definition in section 440.02(32), Florida Statutes (Supp.1994), which the E/C contends applies to all compensation cases. The definition in section 440.02(32) provides that an injury arises out of employment if the claimant's work is "the major contributing cause of the injury." Dr. Messina testified that Wise's lung disease resulted more from his smoking than his chemical exposure; therefore, the E/C contends that Wise failed to establish causation. We cannot agree. Based upon our reading of the plain language of section 440.151(1)(a), we conclude that so long as an occupational disease fits within the criteria enumerated therein, such disease constitutes a compensable injury, and that Wise was not required to prove that AN exposure was the major contributing cause of his disability.
Our conclusion is supported by section 440.151(1)(c), which provides that in cases where the combination of occupational disease and a noncompensable condition results in disability, compensation must be apportioned between such causes and reduced by the amount attributed to the noncompensable condition. This provision authorizes compensation without requiring that the occupational disease be the major contributing cause. In the case at bar, there was no competent, substantial evidence regarding the percentage of Wise's disability attributed to his smoking as opposed to AN exposure; therefore, the E/C is responsible for the entire amount of compensation due. See G & L Motor Corp. v. Taylor, 182 So.2d 609 (Fla. 1966) (where medical expert was unable to *296 apportion claimant's disability from a heart attack between his preexisting arteriosclerosis and his industrial accident, JCC's speculative apportionment would be reversed); Cover v. TG&Y Store #1331, 405 So.2d 985 (Fla. 1st DCA 1981) ("unless there is evidence as to the percentage of disability caused by natural progression of a pre-existing condition, no apportionment may be made").
The JCC also properly denied the E/C's motion for an IME by Dr. Witorsch, because Dr. McGregor had already performed an IME of Wise for the E/C. At issue is the proper interpretation of section 440.13(5)(b)(1), Florida Statutes (Supp.1994), which provides:
(b) Each party is bound by his selection of an independent medical examiner and is entitled to an alternate examiner only if:
1. The examiner is not qualified to render an opinion upon an aspect of the employee's illness or injury which is material to the claim or petition for benefits[.]
The JCC correctly explained at the hearing that pursuant to the above provision, he could permit an IME by Dr. Witorsch only if the E/C refuted the testimony of Dr. McGregor, because the entire case, and thus all the expert testimony, involved Wise's pulmonary condition. We reject the E/C's argument that the statute permits multiple IMEs by physicians of different specialties, and that Dr. Witorsch should have been permitted to conduct an IME in the field of pulmonology, because pulmonology is a distinct field from that of Dr. McGregor, which the E/C identifies as toxicology or occupational medicine. The statute would have permitted a second IME only if the E/C had detected an "aspect of the employee's illness" which was outside Dr. McGregor's field and otherwise within that of Dr. Witorsch. Cf. Rucker v. City of Ocala, 684 So.2d 836 (Fla. 1st DCA 1996) (claimant could have requested chiropractic IME, if orthopedic surgeon was unqualified to give opinion concerning chiropractic care), review dismissed, 689 So.2d 1071 (Fla.1997). The E/C failed to make any such showing.
In its final issue, the E/C contends the JCC erred in excluding the unsworn telephone testimony of Dr. Spraul, an expert in industrial hygiene, because the JCC applied Florida Rule of Workers' Compensation Procedure 4.075(f)(3),[1] which had not yet taken effect.[2] Without determining which rule applied, we affirm, because the E/C has failed to show how it was prejudiced by the exclusion of such testimony, which was proffered below. The E/C states only:
Had the JCC considered the testimony of Dr. Spraul, he would have had to weigh the evidence before him, and either reject or accept the opinions rendered by Dr. Spraul.... [T]he JCC's decision was based on a review of a deficient record, as it did not include crucial expert testimony.
This generic argument, which would equally apply to any excluded testimony, does not reveal the nature of Dr. Spraul's testimony and how its exclusion irrevocably harmed the E/C's case. See Robinson v. Foland, 124 So.2d 512 (Fla. 1st DCA 1960) (in order to demonstrate reversible error, appellant must show prejudice from the erroneous ruling).
AFFIRMED.
BARFIELD, C.J., and BENTON, J., concur.
NOTES
[1] "In the event that trial testimony is taken by telephone, the oath shall be administered in the physical presence of the witness, by a notary public or officer authorized to administer oaths."
[2] The hearing was held April 17, 1996, and the supreme court did not adopt the new rules until the following month, on May 16, 1996. In re Amendments to the Fla. R. Work. Comp. P., 674 So.2d 631 (Fla.1996).