728 So.2d 772 (1999)
Nahid FARHANGI, Appellant,
v.
DUNKIN DONUTS and Associated Industries Insurance Company, Appellees.
No. 98-923.
District Court of Appeal of Florida, First District.
February 17, 1999.
Rehearing Denied March 22, 1999.
*773 Brian S. Fischer of Fischer & Fischer, Lake Worth and Marjorie Gadarian Graham, Palm Beach Gardens, for Appellant.
Mary Ann Stiles and Rayford H. Taylor of Stiles, Taylor & Grace, P.A., Tallahassee, for Appellees.
PER CURIAM.
In this workers' compensation appeal, Nahid Farhangi, the claimant, challenges an order of the Judge of Compensation Claims (JCC) which denied appellant's "motion to strike managed care and/or grievance procedures." Appellant argues that she should not be limited to the use of providers in the managed care arrangement because she was not provided notice of the managed care arrangement when she was first employed. Finding this argument without merit, we affirm.
Appellant was employed at Dunkin Donuts when she began experiencing difficulty with her right arm. She first sought an appointment with a physician through her health insurance carrier, but was advised by her insurer that, since the injury may be work-related, she was to seek treatment under workers' compensation coverage. Appellant was authorized a provider through the workers' compensation managed care arrangement at her place of employment. When she became dissatisfied with the treatment provided by this physician,[1] she moved to "strike" the managed care arrangement arguing that the arrangement should not be applicable to her because she was not given notice of the managed care arrangement at the time she was hired. The JCC denied the motion finding that the employer and carrier "substantially" complied with the notice requirements and that a delay experienced by the appellant was minimal and did not prejudice the appellant.
Section 440.134(2)(b), Florida Statutes (1997), provides that effective January 1, 1997, "the employer shall ... furnish to the employee solely through the managed care arrangements such medically necessary remedial treatment, care and attendance for such period as the nature of the injury or the process of recovery provides." (Emphasis added). An insurer may not offer or utilize a managed care arrangement until it has been approved by the Agency for Health Care Administration. § 440.134(4), Fla. Stat. (1997).
As the appellant correctly observes, under section 440.134(14), an insurer must make "a full and fair disclosure in writing of the provisions, restrictions, and limitations of the workers' compensation managed care arrangement to affected workers," including, at least, a description of the providers, a description on emergency or urgent care procedures, a description of the limitation on referrals, and a description of the grievance procedure. § 440.134(14), Fla. Stat. (1997). While notice of the grievance procedures must be given at the time the managed care system is "implemented," section 440.134(15)(c), Florida Statutes (1997), no time frame for disclosure of the remaining aspects of the managed care arrangement is specifically provided in the statute.
A JCC has no authority or jurisdiction beyond what is specifically conferred by statute. See City of West Palm Beach v. Burbaum, 632 So.2d 145 (Fla. 1st DCA 1994). Appellant has not identified any express statutory authority on which a JCC either could award medical treatment outside of an authorized managed care arrangement or could otherwise "strike" the managed care arrangement. Further, such authority cannot be reasonably inferred from section 440.134, since the statute clearly places the authorization and supervision of managed care arrangements *774 within the authority of the Agency for Health Care Administration.
Appellant argues that unless a JCC has the authority to strike the managed care arrangement, the notice requirements under section 440.134(14) are meaningless and unenforceable. These notice requirements of section 440.134(14) are enforceable, however, by the Agency for Health Care Administration. See § 440.134(18)(e), Fla. Stat. (1997). Accordingly, we find the arguments raised on appeal to be without merit and the order under review is AFFIRMED.
BOOTH, BENTON and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] The record is silent as to whether appellant requested a change of provider as contemplated by section 440.134(10)(c), Florida Statutes (1997), or instituted a grievance under procedures established pursuant to section 440.134(15), Florida Statutes (1997).