DAVIS, Judge.
Huddle House and Crawford & Company (respectively employer and carrier, hereinafter “e/c”) appeal an order of the Judge of Compensation Claims (hereinafter “JCC”) approving claimant’s motion for sanctions and protective order, and ordering the e/c’s rehabilitation providers not to communicate directly and/or ex parte with any of claimant’s health care providers. The JCC further ordered that the e/c’s rehabilitation providers may, after reasonable notice and coordination with claimant’s attorney to allow claimant’s attorney to be present, communicate or meet with claimant’s health care providers for the purpose of a reemployment assessment pursuant to section 440.491, Florida Statutes (1997). We affirm.
Because this is a review of a non-final order, the e/c -were directed by an order of this court to file the initial brief, “accompanied by an appendix.” See Fla. R.App. P. 9.180(h)(2), 9.220. Rule 9.220 is clear that the “purpose of an appendix is to permit the parties to prepare and transmit copies of such portions of the record deemed necessary to an understanding of the issues presented.” Fla.R.App.P. 9.220 (emphasis supplied). The appendix attached to the e/c’s initial brief includes only a copy of the order being reviewed. No additional record or appendix was filed.
The e/c argue that the JCC had no jurisdiction to consider claimant’s motion because the medical care on this claim is governed by a managed care arrangement pursuant to section 440.134, Florida Statutes (1997), and managed care arrangements are within the jurisdiction of the Agency for Health Care Administration. See Farhangi v. Dunkin Donuts, 728 So.2d 772 (Fla. 1st DCA 1999). The claimant argues that there is no evidence in the record of a workers’ compensation managed care arrangement as defined by section 440.134. This court is unable to determine if the JCC exceeded his jurisdiction because the e/c failed to include an *754 adequate record in the appendix. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (“When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory”). The e/c’s failure to prepare an adequate appendix for our review is fatal to their claim.
Similarly, we cannot review the second issue on appeal without an adequate appendix. Whether the nurse who attended claimant’s appointment with a psychologist is employed by the carrier, a medical care coordinator pursuant to a managed care arrangement, or a rehabilitation provider is a 'question of fact. We cannot determine, from the appendix provided by the e/c, whether the evidence supports the order on appeal. On this record, the JCC’s order that the e/c’s “rehabilitation providers shall not communicate directly and/or ex parte with any of claimant’s health care providers” is not a misapplication of existing law.
Accordingly, we affirm the order on appeal.
ERVIN and ALLEN, JJ. CONCUR.'