780 So.2d 917 (2000)
Elisabeth CASTRO, Appellant,
v.
AT & T WIRELESS SERVICES, INC., and Kemper Insurance Companies, Appellees.
No. 1D99-3139.
District Court of Appeal of Florida, First District.
December 22, 2000.
Rehearing Denied February 22, 2001.
Kevin G. Bennett of Grossman & Goldman, P.A., Boca Raton, Attorney for Appellant.
*918 Geraldo Castiello, Miami, and James C. Price, Miami, Attorneys for Appellees.
PER CURIAM.
This is an appeal of an order of the Judge of Compensation Claims determining that attendant care and remedial treatment were not medically necessary.[1] We hold that the JCC had no jurisdiction to determine the medical necessity pending Claimant's exhaustion of her employer's managed care grievance procedure.
Claimant concedes that she failed to exhaust the managed care grievance procedure, as required by statute, before she filed her petition for these benefits. Section 440.134(16), Florida Statutes (1997), provides a presumption that an employee "shall be deemed to have received all the benefits to which they are entitled pursuant to s. 440.13(2)(a) and (b)." The employer entering into such a managed care arrangement is deemed to have complied completely with the managed care provisions, and those provisions "shall govern exclusively unless specifically stated otherwise in this section." § 440.134(16). Also, section 440.134(16) provides a presumption that covered employees "shall be deemed to have received all the benefits to which they are entitled pursuant to s. 440.13(2)(a) and (b)." If dissatisfied with the managed care received, an employee must file a grievance pursuant to procedures established by the Agency for Health Care Administration. §§ 440.134(1)(d) and 440.134(15)(a), Fla. Stat. (1997). The aggrieved employee may not file a petition for benefits under Chapter 440 until the grievance procedure is exhausted. § 440.192(3).
"A JCC has no jurisdiction beyond what is specifically conferred by statute." Farhangi v. Dunkin Donuts, 728 So.2d 772, 773 (Fla. 1st DCA 1999). Although the JCC retained jurisdiction to determine indemnity benefits, the JCC lacked jurisdiction to determine entitlement to medically necessary care and treatment pending resolution of the grievance proceedings. See Florida Distillers v. Rudd, 751 So.2d 754, 757 (Fla. 1st DCA 2000); Wiggins v. B & L Serv., Inc., 701 So.2d 570, 572 (Fla. 1st DCA 1997). See also Claims Management, Inc. v. Grenier, 777 So.2d 1039 (Fla. 1st DCA 2000) ("When the dispute does not concern the provision of medical treatment, care and attendance,... the managed care provisions do not govern the selection and use of medical expert witnesses under section 440.13(5).")
Due to the JCC's lack of jurisdiction pending the exhaustion of managed care grievance procedures, we reverse that part of the Compensation Order finding that Claimant's attendant care and remedial treatment were not medically necessary.
REVERSED and REMANDED.
BOOTH, KAHN and BROWNING, JJ., concur.
NOTES
[1] As an alternate ground for denying these benefits, the JCC correctly ruled she lacked jurisdiction because Claimant failed to exhaust the managed care grievance procedures, as required by section 440.134, Florida Statutes (1997). Appellant does not appeal this ruling.