777 So.2d 1039 (2000)
CLAIMS MANAGEMENT, INC., and Wal-Mart Store # 2081, Clearwater, Appellants,
v.
Glenn GRENIER, Appellee.
No. 1D99-1967.
District Court of Appeal of Florida, First District.
December 29, 2000.
Rehearing Denied February 7, 2001.
*1040 Rex A. Hurley and Shannon L. Grim of Hurley, Rogner, Miller, Cox & Waranch, P.A., Orlando, for Appellants.
Joey D. Oquist of Bradham, Blevins, Oquist & Bayliss, P.A., St. Petersburg; and Bill McCabe of Shepherd, McCabe & Cooley, P.A., Longwood, for Appellee.
PER CURIAM.
In this workers' compensation appeal, Claims Management, Inc., and Wal-Mart Store # 2081, Clearwater, appeal a final order of the Judge of Compensation Claims (JCC) which authorizes an evaluation of Glenn Grenier, appellee and claimant, by a vascular surgeon for the purpose of determining the etiology of claimant's symptoms notwithstanding the existence of a managed care plan. For the reasons that follow, we affirm.
As a threshold matter, we treat the claimant's request for an "evaluation" by a vascular surgeon as a request for an independent medical examination (IME). First, we note that there is no provision for an "evaluation" per se in section 440.13, Florida Statutes (1997). Secondly, the petition for benefits dated March 4, 1999, seeks:
Authorization for a vascular surgeon for an evaluation and treatment if necessary, based upon the opinion of Dr. Kampsen;
Authorization for psychiatric evaluation and treatment if necessary based upon the claimant's continuing symptoms and the opinion of Dr. Volbracht.
Further, the pretrial stipulation lists the employee's claims and defenses, in pertinent part, as:
(f) Auth. for IME with Dr. Sprehe
(g) "vascular surgeon
Finally, in the order under review the JCC referred to an "evaluation" by a vascular surgeon, but used the term IME with respect to Dr. Sprehe. Thus, from the record before us, we believe the "evaluation" by a vascular surgeon is, in substance, an IME.
Where a managed care plan exists, under section 440.134(16), Florida Statutes (1997), the JCC must deny a claimant's request for an IME, if the purpose of the IME is to resolve a dispute regarding the provision of medical treatment, care and attendance. See Wiggins v. B & L Servs., Inc., 701 So.2d 570, 572 (Fla. 1st DCA 1997). Such disputes are to be resolved through a request for change *1041 of provider, see section 440.134(10)(c), Florida Statutes (1997), or a grievance under procedures established pursuant to section 440.134(15). See Farhangi v. Dunkin Donuts, 728 So.2d 772 (Fla. 1st DCA 1999). When the dispute does not concern the provision of medical treatment, care and attendance, however, the managed care provisions do not govern the selection and use of medical expert witnesses under section 440.13(5). See Wiggins, 701 So.2d at 572.
The record here does not establish that the dispute involves the provision of medical treatment, care and attendance. Rather, the dispute relates to the threshold determination of the causation of claimant's condition. Because the record contains competent substantial evidence supporting the JCC's authorization of an IME for purposes other than resolving a dispute concerning the provision of medical treatment, care and attendance, we affirm. Id.; see also Morton v. Rinker Material Corp., 753 So.2d 768 (Fla. 1st DCA 2000).
Finally, we do not view the JCC's authorization of an IME by a vascular surgeon to be violative of our holding in Watkins Eng'rs & Constr. v. Wise, 698 So.2d 294 (Fla. 1st DCA 1997). Here, unlike Wise, the condition for which claimant seeks the opinion of a vascular surgeon concerns an aspect of claimant's injury which falls outside of the fields of the prior IME physician Dr. Volbracht, a neurologist, as well as that of Dr. Sphere, a psychiatrist. See id. at 296.
In view of our holding, we do not address whether the JCC erred in finding that the evidence was insufficient to establish the existence of a managed care system.
AFFIRMED.
LAWRENCE, DAVIS and VAN NORTWICK, JJ., concur.