774 So.2d 938 (2001)
WEATHER ENGINEERS and Kemper Insurance Group, Petitioners,
v.
Joseph PRESGRAVES, Respondent.
No. 1D00-1876.
District Court of Appeal of Florida, First District.
January 5, 2001.
*939 William J. Spradley, III, and Rachael E. Wade of O'Hara, Spradley & Waters, P.A., Jacksonville, Attorneys for Petitioners.
Kendall Mills-Conrad of McCullough & Glary, P.A., Jacksonville, Attorneys for Respondent.
PER CURIAM.
Employer/Carrier seek certiorari review of a Judge of Compensation Claim's order granting a motion for an independent medical examination at Employer/Carrier's expense. We grant review, and reverse the Judge of Compensation Claim's order.
When an employee is covered under a managed care arrangement pursuant to section 440.134, Fla. Stat. (1997), the JCC has authority to determine indemnity benefits, but lacks authority to determine entitlement to medically necessary remedial treatment, care and attendance if the claimant has not exhausted existing managed care procedures. See §§ 440.134(2)(b) and 440.134(16); Florida Distillers v. Rudd, 751 So.2d 754, 757 (Fla. 1st DCA 2000)("The existence of a managed care arrangement would be relevant to the claim for medical treatment, but would not be dispositive of the claim for indemnity benefits"); Wiggins v. B & L Serv., Inc., 701 So.2d 570, 572 (Fla. 1st DCA 1997) (after consideration of the applicable statutes in para materia, claimant's request for an IME was properly denied if it involved the resolution of a dispute regarding medical treatment, care, or attendance, but not if the purpose was to resolve a dispute regarding entitlement to indemnity benefits).
At the hearing on Claimant's motion for an IME, it was undisputed that Employer/Carrier had a workers' compensation managed care arrangement in place, and that Claimant sought the IME in order to obtain medical treatment, not indemnity benefits. Therefore, the JCC departed from the essential requirements of law by ordering the psychiatric IME before Claimant had exhausted the existing managed care procedures, including its grievance procedure, pursuant to section 440.134. The JCC's order granting Claimant's motion for an independent medical examination is therefore REVERSED.
BOOTH, KAHN and BROWNING, JJ., concur.