781 So.2d 1164 (2001)
Anthony KOHOUT, Petitioner,
v.
BENEFIT ADMINISTRATORS, n/k/a Work Force Solutions, Inc. and Commercial General Union, Respondents.
No. 1D00-3688.
District Court of Appeal of Florida, First District.
April 2, 2001.
Bill McCabe, Esq. of Shepherd, McCabe & Cooley, Longwood, for Petitioner.
Daniel O. Gonzalez, Jr., Esq. of Heller & Gonzalez, P.A., Hollywood and Jay M. Levy, Esq. of Jay M. Levy, P.A., Miami, for Respondents.
PER CURIAM.
We grant Anthony Kohout's petition for writ of certiorari seeking review of an order declining to grant his motion for an independent medical examination by a health care provider, see § 440.13(1)(i), Fla. Stat. (2000), whom the respondents do not employ in their managed care arrangement. Mr. Kohout seeks an independent assessment of the cause or etiology of his medical condition.
An employer or its workers' compensation insurance carrier may provide medical diagnosis and treatment through a managed care arrangement that meets statutory requirements. See § 440.134(2)(a), Fla. Stat. (2000); Farhangi v. Dunkin Donuts, 728 So.2d 772, 773 (Fla. 1st DCA 1999). In such cases, the employee has no right to go outside the managed care arrangement for an independent evaluation as to diagnosis or treatment without following the grievance *1165 procedures required by the managed care arrangement. See § 440.134(15)-(16), Fla. Stat. (2000); Weather Eng'rs v. Presgraves, 774 So.2d 938, 939 (Fla. 1st DCA 2001) ("When an employee is covered under a managed care arrangement pursuant to section 440.134, Fla. Stat. (1997), the JCC has authority to determine indemnity benefits, but lacks authority to determine entitlement to medically necessary remedial treatment, care and attendance if the claimant has not exhausted existing managed care procedures."); Wiggins v. B & L Servs. Inc., 701 So.2d 570, 572 (Fla. 1st DCA 1997).
But here, having controverted Mr. Kohout's claim in its entirety, the employer and carrier have offered no medical care whatsoever. Mr. Kohout is therefore entitled to an independent medical examination by an examiner he selects, see § 440.13(5)(a), Fla. Stat. (2000), to resolve the threshold question of causation. See Claims Mgmt. v. Grenier, 777 So.2d 1039, 1041 (Fla. 1st DCA 2000) ("The record here does not establish that the dispute involves the provision of medical treatment, care and attendance. Rather, the dispute relates to the threshold determination of the causation of claimant's condition. Because the record contains competent substantial evidence supporting the JCC's authorization of an IME for purposes other than resolving a dispute concerning the provision of medical treatment, care and attendance, we affirm."); see also Morton v. Rinker Material Corp., 753 So.2d 768, 768 (Fla. 1st DCA 2000) ("We are unable to conclusively determine that, at the time the judge of compensation claims entered the order compelling an independent medical examination by a physician outside the managed care network, no dispute existed concerning provision of indemnity benefits."); Wiggins, 701 So.2d at 572 ("[W]e conclude that denial of claimant's request was proper if the purpose of the IMEs was the resolution of a dispute regarding the provision of medical treatment, care, or attendance, but was improper if the purpose of the IMEs was to resolve a dispute regarding entitlement to indemnity benefits."). Because the employer and carrier are contesting causation, Mr. Kohout is entitled to an independent medical examination by an examiner he selects. See § 440.13(5)(a), Fla. Stat. (2000).
BENTON, VAN NORTWICK and LEWIS, JJ., concur.