PER CURIAM.
In this workers’ compensation case, the claimant seeks review of an order denying her request for an independent medical examination because the employer had in effect a managed care plan on the date of the accident, as contemplated by section 440.134, Florida Statutes (1997). We conclude that the independent medical examination was requested to resolve disputes regarding whether the claimant had reached maximum medical improvement and whether she had any permanent impairment, rather than a dispute regarding medical care provided by the managed care plan; and that, therefore, the grievance procedure set out in section 440.134 is inapplicable. Accordingly, we reverse.
It is apparent from the record that claimant requested an independent medical examination because of disputes regarding whether she had reached maximum medical improvement, and whether she had any permanent impairment. It is equally apparent that no dispute existed regarding the medical care that had been provided by the managed care plan. Because claimant was not seeking the independent medical examination to resolve a dispute regarding the medical care that had been provided by the managed care plan, the provisions of section 440.134 were inapplicable. See Claims Mgmt., Inc. v. Grenier, 777 So.2d 1039, 1040-41 (Fla. 1st DCA 2000); Wiggins v. B & L Servs., Inc., 701 So.2d 570, 572 (Fla. 1st DCA 1997). Instead, claimant’s entitlement to an independent medical examination is controlled by section 440.1925, Florida Statutes (1997). Pursuant to that statute, she is entitled to the independent medical examination requested.
The order denying claimant’s request for an independent medical examination is reversed, and the case is remanded with directions that the judge of compensation claims grant claimant’s request and appoint an independent medical examiner.
REVERSED and REMANDED, with directions.
ERVIN, WEBSTER and BENTON, JJ., CONCUR.