BARFIELD, J.
By petition for writ of certiorari, Wal-Mart Stores, Inc. # 1436 and Integrated Administrators challenge an order in which the judge of compensation claims (JCC) denied a motion to enforce a provision of a managed care arrangement allowing the employer/carrier to obtain a second medical opinion. Because petitioners failed to establish that the order departs from the essential requirements of law, we deny the petition for writ of certiorari.
The managed care arrangement provides that a request for a second medical opinion may be initiated by the injured worker, a case manager, the managed care coordinator, or any authorized treating physician. After the treating physician prescribed total knee replacement surgery, the petitioners scheduled an appointment with a physician for the purpose of obtaining a second opinion. Claimant’s counsel notified the petitioners that claimant would not attend the appointment because the employer/carrier was only entitled, by statute to an independent medical exam. The petitioners then moved to compel claimant’s attendance.
The JCC denied the petitioners’ motion, stating in the order: “[S]ection 440.134 only provides an injured worker the right to a second medical opinion. Had the legislature intended that the employer/carrier have the same right, it could have easily indicated such in 440.134. Having not done so, I am compelled to apply the statute as it is written, and not as one party or another would like to have it written.”
Section 440.134, Florida Statutes, which governs workers’ compensation managed care arrangements, provides that an insurer may not offer a managed care arrangement until its managed care plan of operation has been approved by the Agency for Health Care Administration (AHCA). The statute also sets forth requirements of a managed care arrangement. Section 440.134(6)(c) provides that the plan must include:
A description of the quality assurance program which assures that the health care services provided to workers shall be rendered under reasonable standards of quality of care consistent with the prevailing standards of medical practice in the medical community. The program shall include, but not be limited to:
[[Image here]]
9. A process allowing employees to obtain one second medical opinion in the same specialty and within the provider network during the course of a treatment for a work-related injury.
The petitioners correctly assert that the legislature contemplated varying managed care plans. Both the minimum standards created by the legislature and any additions included in a managed care arrange *654 ment come under the scrutiny of AHCA prior to approval.
In Farhangi v. Dunkin Donuts, 728 So.2d 772 (Fla. 1st DCA), the claimant moved to strike the managed care arrangement because she was not provided notice of the arrangement when she was first employed. The JCC denied the motion. On appeal, the claimant argued that unless a JCC had authority to strike a managed care arrangement, the notice requirements under section 440.134(14) were meaningless and unenforceable. The panel found the argument to be without merit, noting that a JCC has no authority or jurisdiction beyond what is specifically conferred by statute and the claimant had not identified any express authority on which a JCC either could award medical treatment outside of an authorized managed care arrangement or otherwise “strike” the managed care arrangement. As the panel noted, such authority could not be reasonably inferred from section 440.134, because the statute clearly places the authorization and supervision of managed care arrangements within the authority of the AHCA.
The provision at issue, allowing the request for a second medical opinion to be made by someone other than the claimant, was apparently submitted to AHCA as part of the proposed plan and approved. In determining that the motion to compel could not be granted because section 440.134 did not expressly provide that insurers may include the right of employer/carriers to request a second medical opinion, the JCC effectively struck a portion of the plan. Pursuant to the decision in Farhangi, this was beyond the authority or jurisdiction of the JCC.
We deny, however, the petition for writ of certiorari. The present dispute involves the validity and enforcement of a provision of a managed care arrangement. As noted above, section 440.134 clearly places the authorization and supervision of managed care arrangements within the authority of the AHCA. 728 So.2d at 773-774. In short, the matter belonged in another arena. Based on the petition and attachments presented to this Court,[1] the result reached by the JCC does not constitute a departure from the essential requirements of law.
Accordingly, the petition for writ of cer-tiorari is DENIED.
BOOTH and MINER, JJ., concur.

. Although petitioner at oral argument “stipulated” that the grievance procedures set forth in the managed care arrangement had been exhausted, there was no such stipulation during the hearing before the JCC.