PER CURIAM.
This case poses a question of first impression whether a petition for benefits seeking palliative care and treatment only, as opposed to remedial care and treatment, is subject to the managed-care grievance procedures. It is appellant’s position that because his petition for benefits sought only palliative care, he was not required to exhaust the managed-care grievance procedures prior to filing his petition. The judge of compensation claims (JCC) found otherwise and dismissed the petition for lack of jurisdiction, because appellant had not exhausted the grievance procedures before filing the petition, as required by section 440.192(3), Florida Statutes (1997). We find no basis to distinguish between petitions seeking remedial, as opposed to palliative, care for the purpose of complying with section 440.192(3).
*1005 Because appellant did not exhaust the managed-care grievance procedures prior to filing his petition, the JCC lacked jurisdiction to consider the claim and properly dismissed it. See Castro v. AT & T Wireless Servs., 780 So.2d 917 (Fla. 1st DCA 2000).
AFFIRMED.
ERVIN, BOOTH and BROWNING, JJ., concur.