*340
ON MOTION FOR REHEARING AND REHEARING EN BANC

ERVIN, J.
Appellees contend that this court’s decision overlooked or ignored controlling authority, namely, Farhangi v. Dunkin Donuts, 728 So.2d 772 (Fla. 1st DCA 1999), and Wal-Mart Stores, Inc. # H36 v. Capuano, 800 So.2d 652 (Fla. 1st DCA 2001). We disagree. Both Farhangi and Capuano were argued in the briefs and fully considered by this court.
Appellees also argue that this court overlooked Weather Engineers v. Presgraves, 774 So.2d 938 (Fla. 1st DCA 2001); Dramis v. Palm Beach County School Board, 829 So.2d 346 (Fla. 1st DCA 2002); and Florida Distillers v. Rudd, 751 So.2d 754 (Fla. 1st DCA 2000), none of which were previously cited to this court. As stated in Blinn v. Florida Department of Transportation, 781 So.2d 1103, 1110 (Fla. 1st DCA 2000) (on reh’g), denial of a motion for rehearing is “impelled by the long-established rule that authorities not cited and issues not raised in the briefs or on oral argument cannot be raised for the first time on motion for rehearing.”
All five of the cases cited are distinguishable. Although some of claimant’s arguments regarding lack of notice are similar to those raised and rejected in Farhangi, that case is distinguishable because there was no assertion in Farhangi, as there was here, that claimant had exhausted the grievance procedures. This is not a case, such as Capuano, where approved provisions of the managed care arrangement were effectively struck. Moreover, this is not a case involving resolution of a dispute about medical care arising under the managed care arrangement. Rather, it is simply a case in which this court has found an absence of competent, substantial evidence to support the judge’s finding that he lacked “jurisdiction to decide this matter as there is no evidence indicating that the managed care grievance procedures have been exhausted.” To the contrary, as explained in our opinion, the evidence clearly demonstrates that claimant followed the minimum procedures set forth in Florida Administrative Code Rule 59A-23.006, that appellees failed to timely respond to claimant’s grievance, and that the grievance procedure was exhausted by default under the time guidelines. Nothing in section 440.134, Florida Statutes (Supp.1998), or any of the above cases suggests that the JCC is without jurisdiction to proceed with a petition once the grievance procedures have been exhausted. Moreover, the fact that the petition was docketed with the JCC implies that all prerequisites to the filing were satisfied. Compare Rudd, 751 So.2d at 757.
Appellees’ motion for rehearing and rehearing en banc is DENIED.
BOOTH and BROWNING, JJ., concur.