PER CURIAM.
Claimant, Susan Miller, petitions this court for writ of certiorari to review an order of the judge of compensation claims (JCC) compelling Miller to undergo an independent medical examination (IME). Miller claims the JCC departed from the essential requirements of law resulting in a miscarriage of justice by permitting the employer, Jupiter Medical Center, and carrier, Commercial Risk Management (E/ C), to select a physician who practices outside claimant’s county of residence, rather than the same IME physician selected by the E/C who performed the IME on Miller in February 2004. We deny the petition.
The physician was asked to conduct the IME for the purpose of determining whether (1) Miller had reached maximum medical improvement after undergoing three surgeries for neck and right-shoulder injuries suffered at work on March 29, 2001, and (2) her capacity for work. The *486 physician diagnosed post fusion cervical spine syndrome; full-thickness right rota-tor cuff tear; and residual myelopathy and weakness, right upper extremity. He stated that two other treating physicians had already found claimant to be at maximum medical improvement, and he would defer to them as to the date and the permanent impairment rating. He concluded that Miller could work light-duty six and one-half hours per day.
In January 2005, one of Miller’s physicians recommended arthroscopic surgery to address right-shoulder problems. Believing that Miller had been involved in a new accident in 2004, following the 2004 IME, the E/C filed a motion to compel her to undergo a new IME to ascertain whether the shoulder condition could have been aggravated by a non-industrial cause. The E/C asked the JCC to permit an IME outside Palm Beach County, alleging that Miller coordinates the provision of continuing medical education classes and has close professional relationships with many physicians in that area. The JCC granted the motion.
The above facts support the JCC’s conclusion that the surgery issue was a new dispute entitling the E/C to an IME with the physician of its choice. See, e.g., Wal-Mart Stores, Inc. v. Liggon, 668 So.2d 259 (Fla. 1st DCA 1996) (observing that the E/C’s request for a second IME more than a year after the first IME was reasonable because of the lapse of time); Cortina v. Dep’t of HRS, 901 So.2d 273 (Fla. 1st DCA 2005) (observing that a dispute warranting an IME is clearly created when the employer disputes the claimant’s right to benefits); Kohout v. Benefit Adm’rs, 781 So.2d 1164, 1165 (Fla. 1st DCA 2001) (observing that a party is entitled to an IME “to resolve the threshold question of causation”). See also Karell v. Miami Airport Hilton/Miami Hilton Corp., 668 So.2d 227 (Fla. 1st DCA 1996) (observing that the E/C has the right to schedule an IME prior to the filing of a petition for benefits, because the only requirement for scheduling an IME is a dispute regarding overutilization, medical benefits, compensability, or disability).
Miller claims the E/C failed to prove need for an alternate IME examiner, required by section 440.13(5)(b), Florida Statutes (2001), viz., the examiner is not qualified to render an opinion about the condition, no longer practices in the relevant specialty, is unavailable, or the parties agree to an alternate examiner. On the contrary, this provision simply means that once a party has selected an IME physician to address a dispute under section 440.13(5)(a), the party is generally bound by that physician’s opinion as it applies to the particular dispute, even if it does not support the party’s position. The statute does not require a party to repeatedly use the same IME physician for every dispute that arises within the scope of the physician’s specialty during the course of a claimant’s injury and treatment. Because Miller made a new request for surgery following her 2004 IME and the E/C disputes whether the need for surgery was related to the industrial injury or a later, non-work-related cause, and there has been no IME addressing what the E/C asserts is a shoulder condition that is attributable to an event post-dating the IME, the E/C is entitled to select a new — not an alternate — IME physician.
In addition, there is no limitation in section 440.13(5) regarding the geographical location of an IME. This court has repeatedly stated that there is simply a “reasonableness” requirement in the IME provisions that is subject to a JCC’s exercise of discretion. See Farm Stores, Inc. v. Fletcher, 621 So.2d 706 (Fla. 1st DCA 1993).
*487 The petition for writ of certiorari is DENIED.
KAHN, C.J:, ERVIN and VAN NORTWICK, JJ., concur.