PEARSON, Judge.
The petitioner was the claimant before the deputy commissioner in a workmen’s compensation proceeding. The claim was denied upon the sole basis that it was barred by the statute of limitations.[1] The Florida Industrial Commission affirmed the deputy commissioner and we are asked to review this order upon petition for cer-tiorari. The burden of the petition is a contention that there was no competent substantial evidence to support the finding of the deputy commissioner that the claim was barred by the statute of limitations. A review of the record in the light of the briefs filed reveals that the petition is not well founded and it is denied.
The claimant was injured December 20, 1951, in the course of her employment at Gulfstream Race Track when a horse struck her causing severe injury to her *182 shoulder and back. Claimant was employed by her husband, a race horse trainer, and his carrier controverted her right to recovery. Claim for compensation under the Florida Workmen’s Compensation Act was filed on April 4, 1956. The carrier interposed as a defense the limitation period as provided by section 440.19, Fla.Stat., F.S.A. At the hearing before the deputy commissioner the husband-employer attempted to waive the defense interposed by his carrier. In addition the claimant proved that her husband furnished monies which were designated as compensation and medical services within the two year period prescribed by the statute.
The pertinent findings of the deputy commissioner are as follows:
“6. That the Hartford Accident and Indemnity Company controverted the case on March 26, 1952 on the grounds that,
“(1) Mrs. Brent was not an employee of her husband, Mr. Brent.
“(2) That Mrs. Brent was an employee of Fruehauf.
“(3) There was no Florida jurisdiction.
“(4) Other good and sufficient reasons.
This Notice to Controvert was signed by Mr. J. L. Garrett upon behalf of Hartford Accident and Indemnity Company, and copies were furnished directly to Mr. and Mrs. Brent. That Mr. Rodney Durrance, as Director of the Workmen’s Compensation Division of the Florida Industrial Commission, wrote the claimant at her last known address immediately subsequent to the Notice of Controversy in 1952 and advised her of her rights. That despite these advices, the claimant went to Michigan and filed a claim with the Michigan Industrial Board in 1952, which claim was subsequently tried and dismissed for lack of jurisdiction by the highest Appellate Court of that state. That throughout this entire controversy, the claimant was represented by legal counsel, and has not been misled by any proposed action of the carrier herein.
“7. That the first Florida claim which was filed, and which the present case involves, was April 4, 1956. This claim was again controverted by the Company on the aforementioned grounds and the additional ground that the Statute of Limitations had expired. The undersigned Deputy finds that more than the requisite period of time elapsed between the accident and the date of filing the necessary claim with the Florida Industrial Commission for the expiration of the Statute of Limitations. The claimant seeks to avoid the Statute of Limitations defense on numerous grounds, primarily with an assertion that her husband was furnishing compensation and medical services as her employer and an assertion that the carrier is estopped to assert the Statute of Limitations defense by a claim of misrepresentation by one of the adjusters for this carrier. The undersigned Deputy finds that Mrs. Brent was at all times represented by competent counsel who were familiar with the case, including the date of the accident and the applicable law concerning the Statute of Limitations and the necessity of filing a formal claim within the applicable period here in Florida. The attempted assertion of estoppel for misrepresentation is not supported by the evidence, and is, therefore, denied. The employer, Mr. Arthur Brent, and his wife, Mrs. Brent, have testified that he paid certain sums per week as compensation from the date of the accident, and paid for the medical services rendered to the claimant. The claimant attempts to evade the Statute of Limitations asserted by the defense on that *183 ground. The undersigned Deputy finds that both Mr. and Mrs. Brent had actual knowledge of the denial of benefits by the carrier, and that any furnishing of benefits subsequent thereto by the employer, the claimant’s husband, would not affect the carrier’s rights.
j{í
“The undersigned Deputy finds that the carrier properly raised the asserted defenses at the first hearing and Mr. John M. Kelly’s attempt, as counsel. for the employer, to withdraw these defenses was of no effect as far as the carrier is concerned in view of all the circumstances, the relationship of the parties hereto and the obvious conflict of interest between the employer and carrier. To allow an employer to withdraw all the proper legal defenses of a carrier over the carrier’s objection would be obviously unfair and not within the intent of the law.”
The Florida Industrial Commission upon review held that these findings were supported by competent substantial evidence. It is apparent that the dual position of the husband-employer has caused complications which will not arise in an ordinary claim. It has been necessary for the deputy commissioner to find that certain acts were performed either in the capacity of a husband or in the capacity of an employer. The circumstances surrounding an act give color and meaning to the act and such circumstances may be of infinite variety. It is the deputy commissioner’s prerogative to draw inferences from such surrounding circumstances and to make findings of fact based thereon. The only limitation placed upon this prerogative is the requirement that the deputy commissioner’s findings be supported by competent and substantial evidence. Of course, having established the factual basis for decision, as the trier of fact, it is then incumbent upon the deputy commissioner to apply the established law to the facts. As a basis for his decision, that the claim was barred by the lapse of time, the deputy commissioner was required to find:
(1) That a notice to controvert the claim was validly filed.
(2) That the claimant had actual notice of the intention of the carrier to controvert.
(3) That the two year period prescribed actually elapsed.
A review of the record convinces us that each finding listed above is adequately made and supported herein.
We pass then to the questions of the law to be applied to these facts. We must consider first, can a carrier controvert a claim which the employer does not? The second question is double. Was the conduct of the husband-employer in voluntarily paying such compensation and medical expenses as he saw fit sufficient to toll the running of the statutory period? In the alternative, was the attempted waiver of the defense effective to prevent its use by his carrier?
In determining that the carrier had a right to controvert the claim independently of the action of the employer, the deputy commissioner had the support of a regulation of the Florida Industrial Commission. See Regulation No. 5 Florida Industrial Commission.[2] The validity of this regulation is not challenged.
*184 The next question is, therefore, can the employer in effect withdraw this notice of intention to controvert by the payment of compensation. It is not necessary for us to rule upon the general case. It is sufficient for us to hold that in the instant case the deputy commissioner was not in error when he found that both the employer and the employee were acting in concert and from a community of interest, and that the duty of the husband to support was of at least equal dignity to the duty of an employer under the Workmen’s Compensation Law, and that then the payment of money from husband to wife would not be construed as compensation or medical expenses under the Workmen’s Compensation Act.
Further, the finding of the deputy commissioner that, under the circumstances of this case, the carrier had an independent right to assert valid defenses, which right could not be waived at the whim of the employer, is supported by the logic of the Workmen’s Compensation Act. Section 440.41, Fla.Stat., F.S.A.,[3] provides for the substitution of a carrier for the employer in cases when the employer is not a self-insurer. After the employer and his wife had been notified that the carrier was controverting the claim, the employer’s authority to act on behalf of the carrier was revoked. It should be noted in passing that the deputy commissioner specifically found that the employer’s conduct did not mislead the employee to her detriment.
Having determined that the deputy commissioner made adequate findings supported by competent, substantial evidence and that the law has been correctly applied, the petition for writ of certiorari is denied.
CARROLL, CHAS., C. J., and HORTON, J., concur.

. “The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within two years after the time of injury, except that if payment of compensation has been made or remedial treatment has been furnished by the employer without an award on account of such injury a claim may be filed within two years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer.” Section 440.19(1) (a), Fla.Stat., F.S.A.

. “If payment of compensation is controverted by the employer or carrier, Form F.I.C. 12 (Revised July 1, 1951), Notice to Controvert Payment of Compensation, shall be filed with the Commission within twenty-one (21) days after notice or knowledge of the injury; and the grounds upon which the right to compensation is controverted shall be set forth in full on the said form. The employer or carrier shall serve by regular mail, directed to the last known address, a copy of this notice on: (1) the employee (or in case of death, his dependents) ; (2) attending physician; (3) hospital; and (4) any other interested par *184 ties who might be deprived of payment for services rendered because of the con-troversion. If the carrier is substituted for the employer, then the employer shall also be served with a copy of this notice.”

. “In any case where the employer is not a self-insurer, in order that the liability for compensation imposed by this chapter may be most effectively discharged by the employer, and in order that the administration of this chapter in respect of such liability may be facilitated, the commission shall by regulation provide for the discharge, by the carrier for such employer, of such obligations and duties of the employer in respect of such liability, imposed by this chapter upon the employer, as it considers proper in order to effectuate the provisions of this chapter. For such purposes (1) notice to or knowledge of an employer of the occurrence of the injury shall be notice to or knowledge of the carrier, (2) jurisdiction of the employer by the commission or any court under this chapter shall be jurisdiction of the carrier, and (3) any requirement by the commission, or any court under any compensation order, finding, or decision shall be binding upon the carrier in the same manner and to the same extent as upon the employer.” Section 440.41 Fla.Stat., F.S.A.