MICKLE, Judge.
The Employer/Carrier (E/C) appeal an order of the Judge of Compensation Claims (JCC) 1) excusing the failure to give the Carrier timely notice of Claimant’s injury pursuant to section 440.185(1), Florida Statutes (1989); 2) finding a causal relationship between the industrial accident and Claimant’s injuries, 3) awarding disability benefits, 4) providing for reasonable and necessary medical care and any reimbursement therefor, and 5) awarding taxable costs and attorney’s fees. Claimant cross-appeals the JCC’s limitation of the award of compensation and medical benefits only to the period from notice of injury rather than from the date of the work-related incident. We affirm in part, reverse in part, and remand for further proceedings.
It is undisputed that Carrier did not receive notice of Claimant’s injury within thirty days of the May 23,1990, industrial accident. Pursuant to section 440.185(l)(b), Florida Statutes (1989), however, the JCC may exercise discretion to excuse noncomplianee with the timely notice requirement “on the ground that for some satisfactory reason such notice could not be given.” While we are cognizant of the statutory presumption “against the validity of the claim,” we nevertheless have determined that the record amply supports the JCC’s written findings and explanation of the several “mitigating circumstances” herein. Rodriguez v. Frito-Lay, Inc., 600 So.2d 1167, 1172 (Fla. 1st DCA 1992) (reversing and remanding for the JCC to make written findings as to whether noncompliance with notice requirement should be excused).
Inasmuch as Claimant served as the owner and president of a very small business and, for all intents and purposes was the Employer as well, only the Carrier asserts that it was prejudiced as a result of the untimely notice. Vicki’s Styling, Inc. v. Moberg, 489 So.2d 194 (Fla. 1st DCA 1986) (notice to the employer that the employee had incurred medical expenses was not necessarily notice to the carrier, where the employee and employer were the same person). From our careful review of the record to ascertain what specific steps Carrier took, and what reasonable measures it failed to undertake once it received notice of injury, we have determined that no showing of prejudice was made in the record.
Although Claimant had a preexisting “relatively asymptomatic back condition,” competent substantial evidence supports the finding that Claimant was injured in a May 1990 slip-and-fall incident in the course and scope of employment. The JCC found Claimant to be a credible witness. Additionally, another employee recalled an incident in May 1990 when he had seen Claimant, his supervisor, manifesting a noticeable limp and back discomfort and wearing a shirt covered with blood on the back. Bray v. Electronic Door-Lift, Inc., 558 So.2d 43 (Fla. 1st DCA 1989) (JCC’s resolution of questions of witness credibility will not be reversed unless clearly arbitrary and unreasonable).
At the time of his initial medical treatment in June 1990, Claimant provided orthopedic surgeon Dr. Dunn with a history of a month-old, work-related back injury. Based on objective clinical findings, Dr. Dunn diagnosed an injury in Claimant’s low back. The impression of a degenerative disc at L5-S1 was not consistent with a traumatic event because it was preexisting. The doctor assumed, however, that if the work injury occurred, as two credible witnesses said it had, then Claimant’s industrial injury “was superimposed” on the prior condition. Dunn did not see Claimant again until December 1990, when Claimant complained of much more severe, widespread, and radiating pain. Dunn noted, and the other evidence supports his observation, that Claimant is the type of individual who is very likely to avoid medical treatment until the need becomes acute. We find that competent substantial evidence in the record supports the JCC’s conclusion that the May 28, 1990, injuries “aggravated an asymptomatic or a minimally symptomatic low back arthritic condition, and that it was the effects of the aggravation which led [Claimant] to ultimately have to undergo low back surgery” in January 1991.
Having reviewed the medical depositions and records, we have determined that Dr. Dunn received the earliest and most complete history. Neurosurgeon Dr. Rodriguez, who performed the L4-L5 laminectomy and *291 diskectomy in mid-January 1991, had treated Claimant in the hospital and reported a herniated disc and significant pain. The E/C correctly state that Dr. Rodriguez did not receive an initial history as detailed as what Claimant had told Dr. Dunn. However, we find that Dr. Rodriguez’s key depositional testimony is responsive to questions of counsel in which the doctor was asked to assume the correctness essentially of both 1) what Claimant already had told Dr. Dunn a month after the accident, and 2) the conditions that Dr. Dunn had diagnosed and the conclusions he had drawn. Thus, the assumptions made by Dr. Rodriguez have a specific factual basis in the record. The nature of the hypothetical questions addressed to Dr. Rodriguez distinguishes the case sub judice from Dade Property Management, Inc. v. Lazo, 418 So.2d 393 (Fla. 1st DCA 1982), in which a doctor’s opinion as to causation, based on a hypothetical question including “facts” not supported in the record, was held not to be competent substantial evidence as to causation. Dr. Rodriguez opined that the extrusion in a portion of the L4-L5 disc could have happened either slowly and progressively or acutely. From his impression that something significant had occurred several months prior to his treatment, the doctor opined that the events described by Claimant would be consistent with the diagnosed conditions. Additionally, Dr. Rodriguez assumed that when he visited Dr. Dunn on June 20,1990, Claimant already had the herniation and some compression on the nerve root. Rodriguez opined that those are the types of problems that can be superimposed on a degenerative condition. From our review of all the medical testimony and evidence, we find competent substantial evidence supporting the JCC’s finding of a causal connection between Claimant’s employment and his injuries and condition. City of Fort Lauderdale v. Lindie, 496 So.2d 168 (Fla. 1st DCA 1986), rev. den., 506 So.2d 1042 (Fla.1987); Arkin Construction Co. v. Simpkins, 99 So.2d 557 (Fla.1957). Accordingly, the record supports the JCC’s award of disability benefits and medical care with reimbursement.
Claimant’s cross-appeal challenges the JCC’s decision to award compensation and medical benefits only from February 14, 1991, the date when the Carrier was notified about the May 23, 1990, industrial accident. The E/C concede that if we affirm on the issues of excusal of notice and determination of causation, as we have done, then the JCC erred in setting the award only from the date of actual notice. We interpret the order as an attempt by the JCC to reconcile the public policy favoring timely reporting of work-related injuries to employers and carriers, with claimants’ entitlements to awards commensurate with their prolonged and serious injuries. We note that the JCC expressly premised his Solomonic decision on the aim to serve the interests of justice. Nevertheless, we agree with Claimant and the E/C that, having excused the untimely notice, the JCC was without statutory or decisional authority to impose the time limitations on the awards. Accordingly, we must reverse that portion of the order and remand for further proceedings regarding the periods of temporary total and temporary partial disability.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
ERVIN and DAVIS, JJ., concur.