WETHERELL, J.
 

 In this workers’ compensation appeal, Claimant seeks review of a final order denying all of her claims for benefits pursuant to the so-called “fraud defense” in section 440.09(4), Florida Statutes (2007). Claimant raises three issues on appeal: 1) whether the Judge of Compensation Claims (JCC) erred in finding that Claimant committed fraud by failing to disclose the extent of her prior injuries and medical care; 2) whether the JCC erred in not ruling on Claimant’s claim that the employer/carrier (E/C) and its attorney committed fraud in their handling of this matter; and 3) whether Claimant is entitled to a one-time change in physician notwithstanding the finding of fraud. We affirm the first and third issues without discussion, and we affirm the second issue for the reasons that follow.
 

 The final hearing in this case addressed six petitions for benefits filed by Claimant over the course of a year. One of the petitions — the fourth of six — sought a determination that “the employer/carrier and/or its agents/attorney committed workers’ compensation fraud by failing to disclose a complete medical history and/or misrepresenting the claimant’s medical history to her treating doctors for the purposes of denying her workers’ compensation claim.” At the final hearing, in response to the JCC’s inquiry regarding the precise relief that Claimant was requesting in this petition, Claimant’s attorney argued that the E/C should be penalized just as a claimant would — the denial of all benefits — or, alternatively, that the E/C should be stripped of its defenses. Claimant’s attorney acknowledged that chapter 440 did not specifically provide for that sanction, but argued, in effect, that the JCC had inherent authority to make findings on the issue of fraud by the E/C and its attorney and impose appropriate sanctions. The JCC did not make any findings on this issue in the final order.
 

 Section 440.105(4)(b)l. provides that it is unlawful for “any person ... [t]o knowingly make, or cause to be made, any false, fraudulent, or misleading oral or written statement for the purpose of obtaining or denying any benefit or payment under this chapter.” A person who violates this statute is subject to criminal, civil, and administrative penalties.
 
 See
 
 § 440.09(4)(a), 440.105(4)®, 440.106, Fla. Stat.
 

 The process by which an employee may be sanctioned for violating section 440.105 is set forth in section 440.09(4). That statute, which is commonly referred to as the “fraud defense,” provides that the employee is not entitled to any compensation or
 
 *107
 
 benefits under chapter 440 if the JCC (or an administrative law judge, court, or jury) determines that the employee knowingly and intentionally engaged in any of the acts prohibited by section 440.105.
 
 See
 
 § 440.09(4)(a), Fla. Stat. Thus, not only does section 440.09(4) specifically authorize the JCC to determine whether an employee has violated section 440.105, but it also sets forth the sanction that the JCC is required to impose upon finding that a violation occurred.
 

 The process by which an attorney or carrier may be sanctioned for violating section 440.105 is set forth in section 440.106, which provides in pertinent part:
 

 (1) Whenever any circuit or special grievance committee acting under the jurisdiction of the Supreme Court finds probable cause to believe that an attorney has violated s.440.105, such committee may forward to the appropriate state attorney a copy of the findings of probable cause and a copy of the report being filed in the matter.
 

 * * *
 

 (3) Whenever any group or individual self-insurer, carrier, rating bureau, or agent or other representative of any carrier or rating bureau is determined to have violated s.440.105, the agency responsible for licensure or certification may revoke or suspend the authority or certification of the group or individual self-insurer, carrier, agent, or broker.
 

 § 440.106, Fla. Stat. This statute does not grant the JCC any authority to determine whether an attorney or carrier has violated section 440.105, nor does it give the JCC any authority to impose sanctions for such violations.
 

 A JCC has only those powers expressly provided by statute.
 
 See Pace v. Miami-Dade County Sch. Bd.,
 
 868 So.2d 1286, 1287 (Fla. 1st DCA 2004) (explaining that a JCC has “no authority or jurisdiction beyond what is specifically conferred by statute” and holding that a JCC has no jurisdiction to sanction an attorney for violating the Florida Rules of Professional Conduct) (quoting
 
 Farhangi v. Dunkin Donuts,
 
 728 So.2d 772, 773 (Fla. 1st DCA 1999));
 
 see also McFadden v. Hardrives Constr., Inc.,
 
 573 So.2d 1057, 1059 (Fla. 1st DCA 1991) (“Unlike a court of general jurisdiction, a [JCC] does not have inherent judicial power but only the power expressly conferred by chapter 440.”). And as the JCC recognized at the final hearing,
 
 [1]
 
 had the Legislature intended to give the JCC the authority to sanction an E/C or its attorney for violating section 440.105, it could have easily done so as it did in section 440.09(4) for fraud by employees.
 

 We certainly do not condone fraud by anyone involved in the workers’ compensation system. But it is not within our power to read into chapter 440 authority that the Legislature has not, for whatever reason, given to the JCCs. Accordingly, because the JCC lacked the authority to grant the relief sought by Claimant, the final order is AFFIRMED.
 
 [2]
 

 DAVIS and CLARK, JJ., concur.
 

 [1]
 

 . In response to the argument put forth by Claimant's attorney, the JCC rhetorically asked "[i]f the Legislature specifically stated a sanction in the event that the claimant committed fraud, don’t you think it would be within the province of the Legislature to state what the sanction would be if the [E/C] committed fraud?”
 

 [2]
 

 . We do not reach the question of what type of sanctions the JCC is authorized to impose
 
 *108
 
 pursuant to section 440.33 or Florida Administrative Code Rule 60Q-6.125 because that issue was not specifically raised before the JCC and Claimant did not allege that the E/C or its attorney violated any rule of procedure or order of the JCC.
 
 See Lincoln Assoc. & Constr., Inc. v. Wentworth,
 
 26 So.3d 638 (Fla. 1st DCA 2010) (explaining that it is necessary for JCC to find a party willfully disregarded JCC’s authority before imposing sanctions such as striking E/C's defenses).