LEWIS, J.
In this workers’ compensation appeal, Appellants challenge an order of the Judge of Compensation Claims (JCC) that bars Eugenio Gomez’s (Claimant’s) petition for benefits, based on the JCC’s interpretation of section 440.185, Florida Statutes (2010). Because the JCC erred in continuing his analysis after finding that Claimant gave notice of his accident to his Employer within thirty days of the accident, we reverse.

BACKGROUND

The relevant facts are not in dispute. Claimant, along with his wife, are the owners of Gomez Lawn Service, Inc. (Employer), a Florida corporation. Claimant is president of the corporation and his wife is the corporate secretary. Mrs. Gomez acts as the chief operating officer, handling all the business details. Claimant and his brother perform the services provided by the corporation and are also paid as employees of the Employer. Claimant did not elect to exempt himself from the provisions of chapter 440, as he is empowered to do by section 440.02(15)(b)l., Florida Statutes (2010).
On July 13, 2010, Claimant was traveling in a company-owned vehicle from one job site to another when he was involved in a motor vehicle accident that resulted in cervical and lumbar injuries. When Mrs. Gomez was notified of the accident, she reported it to the Employer’s motor vehicle insurer, which opened a personal injury claim under the personal injury protection (PIP) provisions of the policy. Claimant’s medical treatment throughout the summer and fall was provided under the PIP insurance. Claimant’s treating neurologist advised Claimant in August that objective evidence of a disk herniation at L5/S1 had been discovered and that surgery was an option. Thereafter, Claimant underwent a series of injections.
In November, with the PIP benefits reaching their limit and the possibility of surgery looming, Mrs. Gomez consulted an attorney. As a result of that consult, Mrs. Gomez notified the Employer’s workers’ compensation carrier, The Hartford (Carrier), of the claim on approximately December 1, 2010. On January 26, 2011, *214 when the Carrier failed to activate a claim, Claimant filed a petition for benefits. The Carrier denied the claim, citing lack of timely notice pursuant to section 440.185, Florida Statutes (2010).
In the final order, the JCC denied and dismissed the claim, finding that Claimant and the Employer were in effect the same party and did not notify the Carrier of the injuries until approximately ninety days after the accident. The JCC reasoned that, because Claimant “pursued a course of treatment and received a diagnosis that could lead to more extensive medical care including surgery,” it was “necessary to determine if the exceptions in Section [440.185(l)](b) or (d) of the Statute would apply and render effective the otherwise not timely notice.” The JCC concluded that, based upon his assessment of Mrs. Gomez’s testimony, “the nature, seriousness and probable compensable character of the event ... should have been apparent on the date of the accident and that notice 90 + days after the fact in this case is not reasonable and is untimely.”

ANALYSIS

When the facts are not in dispute, the JCC’s application of the law to those facts is reviewed de novo. See Airey v. Wal-Mart, 24 So.3d 1264, 1265 (Fla. 1st DCA 2009). When the issue is one of statutory interpretation, appellate review is de novo. See McKenzie v. Mental Health Care, Inc., 48 So.Sd 767, 768 (Fla. 1st DCA 2010). Section 440.185(1) provides that:
“An employee who suffers an injury arising out of and in the course of employment shall advise his or her employer of the injury within 30 days after the date of or initial manifestation of the injury. Failure to so advise the employer shall bar a petition under this chapter.... ”
Section 440.41(1), Florida Statutes (2010), provides that when the employer is not a self-insurer, “[njotice to or knowledge of an employer of the occurrence of the injury shall be notice to or knowledge of the carrier.”
The plain language of section 440.185(1), Florida Statutes (2010), the version of the operative statute based on Claimant’s date of accident, required Claimant to report his injury to his Employer within thirty days of its occurrence, and nothing more. See Germ v. St. Luke’s Hosp. Ass’n, 993 So.2d 576, 578 (Fla. 1st DCA 2008) (“When interpreting a statute, courts look first to the statute’s plain language. If the statute’s plain language is clear and unambiguous, courts should rely on the words used in the statute without involving rules of construction or speculating as to the legislature’s intent. Courts should give statutory language its plain and ordinary meaning and may not add words that were not included by the legislature.”) (citations omitted). Likewise, section 440.41(l)’s plain language imputes the Employer’s knowledge to the Carrier. Accordingly, once Claimant gave notice to the Employer, Claimant fully satisfied the notice requirement imposed by section 440.185(1). The JCC had no authority to read into section 440.185(1) a requirement that Claimant report the injury to the Carrier within thirty days. This Court’s reasoning in Bend v. Shamrock Services, 59 So.3d 153 (Fla. 1st DCA 2011), and McArthur v. Mental Health Care, Inc., 35 So.3d 105 (Fla. 1st DCA 2010), both have application here. In Bend, this Court explained:
We begin our analysis by asserting the necessary and oft-repeated premise that workers’ compensation is purely a creature of statute, and all rights and liabilities under the system are established by chapter 440, Florida Statutes. A JCC *215 has only those powers expressly provided by statute and, conversely, has no jurisdiction or authority beyond that which is specifically conferred by statute and a court may not read into chapter 440 authority not granted to the JCCs. Significantly, nothing in chapter 440 allows a JCC to provide the remedy of voiding a policy ab initio; rather, a review of the comprehensive scheme contained within chapter 440 indicates the contrary.
59 So.3d at 156 (citations omitted). In McArthur, this Court declined to require the JCC to rule on the claimant’s claim that the E/C committed fraud, stating that “[a] JCC has only those powers expressly provided by statute.” 35 So.3d at 106-07. We concluded that “as the JCC recognized at the final hearing, had the Legislature intended to give the JCC the authority to sanction an E/C or its attorney for violating section 440.105, it could have easily done so as it did in section 440.09(4) for fraud by employees.” Id. at 107 (footnote omitted). Nothing in section 440.185 requires an injured employee to notify the carrier of an injury, nor does the section permit a JCC to deny entitlement to benefits if the carrier is not timely notified. Section 440.185(2) addresses an employer’s obligation to notify the carrier of a reported injury, requiring that notice to the carrier be provided by the employer within seven days.
The cases relied upon by the JCC and the Carrier are of no precedential value because they are distinguishable. The issues addressed in those cases either do not relate to statutory notice requirements or involve prior versions of the relevant statutory provisions. See Solar Pane Insulating Glass, Inc. v. Hanssen, 727 So.2d 961, 965 (Fla. 1st DCA 1998) (holding claimant/employer’s knowledge of continued use of corset would not be imputed to carrier for statute of limitations purposes); Leonard Elec. Co. v. Erskine, 634 So.2d 289, 290 (Fla. 1st DCA 1994) (holding evidence supported JCC’s excusal of claimant/employer’s failure to give timely notice of accident based on JCC’s finding that carrier was not prejudiced by late notice, an analysis then required by section 440.185(l)(a), Florida Statutes (1989) (repealed), without reference to section 440.41(1)); Vicki’s Styling, Inc. v. Moberg, 489 So.2d 194, 195 (Fla. 1st DCA 1986) (holding self-employed claimant/employer’s alleged “authorization” of medical treatment would not be imputed to carrier); Alphes Enters, v. Dean, 377 So.2d 791, 791-92 (Fla. 1st DCA 1979) (reversing judge’s finding that carrier had not been prejudiced by self-employed claimant/employer’s failure to give notice of injury within thirty days); Brent v. Brent, 107 So.2d 181, 181-82 (Fla. 3d DCA 1958) (affirming deputy commissioner’s denial of claim where employer, claimant’s husband, attempted to waive carrier’s statute of limitations defense). Hanssen, Moberg, and Brent addressed a claimant’s right to ongoing medical treatment; thus, they have no bearing in the initial notice of injury, or section 440.41(l)’s clear statement that notice of injury to the employer is notice to the carrier. Erskine and Dean address notice of injury issues; however, in each instance the version of section 440.185(l)(a) there at issue contained a caveat that an employee’s late notice would be excused if the judge found there was no prejudice to the employer or carrier. In Erskine (date of accident May 23, 1990), this Court affirmed the JCC’s finding that the carrier was not prejudiced. 634 So.2d at 290. In Dean, the date of the accident was not given, and the opinion does not specifically reference any statutory provision or year, but, it is noted that a version of section 440.185(1), identical to the 1990 version of section 440.185(1), was in effect *216 between 1975 and 1979, and was likely at issue given the opinion’s release date of December 7, 1979. See 377 So.2d at 791-92.
The Legislature is not unaware of the fact that small corporations often have shareholders and corporate officers that also occupy the position of employee; indeed, the plain language of chapter 440 acknowledges as much. See § 440.02(15)(b), Fla. Stat. (2010) (defining employee as officer of corporation who performs services for remuneration); see also § 440.02(15)(b)2., Fla. Stat. (2010) (limiting number of corporate officers that can be exempted as non-employees under chapter 440). Nevertheless, the Legislature has not seen fit to implement within section 440.185 any specialized rules regarding notice where the employee has some ownership interest in the corporate employer. Although the potential variations of corporate ownership and control are legion (making any attempt to construct a court-made specialized notice rule for such circumstances unwieldy at its inception), it is axiomatic that it is the role of the Legislature, not this Court (and certainly not that of the JCC), to construct such specialized rules of law. Lest it be overlooked, the notice requirements imposed by section 440.185 are purely legislative edicts, and an injured employee who provides notice as required by the statute is not thereby excused from proving the merits of his case. Accordingly, although the plain language of section 440.185(1) might well have delayed the Carrier the notice it would have received had the Employer had other owners (of course, another owner might also have provided even more delayed notice, or the delay here might have indeed saved the Carrier money), to the extent this result is unfair, the resolution lies with the Legislature, not this Court.
The statutory penalty imposed upon an employer who fails to timely report injuries is as set out in section 440.185(9). By reading into the statute a requirement that Claimant must inform the Carrier of his injury within thirty days, the JCC, in effect, impermissibly created an equitable or non-statutory remedy. As this Court recently made clear, when employees’ rights to benefits and carriers’ rights to defenses “are founded on statutory and legal bases, there is no occasion (or allowance) for this court to graft onto an otherwise coherent statutory scheme, general equitable principles so as to permit non-legal (equitable) permutations of such rights. Equity will not act when there is a remedy at law.” Jackson v. Computer Science Raytheon, 36 So.3d 754, 756 (Fla. 1st DCA 2010).
The Carrier raised three jurisdictional/procedural arguments: (1) this Court lacks subject matter jurisdiction because the interests of the Employer and Carrier are identical; (2) the Employer lacks standing to file an appeal because the order is wholly favorable to it; and (3) the Employer did not preserve for appellate review its argument that the JCC erred in not applying section 440.185(9), Florida Statutes (2010). Addressing first whether this Court has subject matter jurisdiction, the Carrier’s argument that its interests were identical to the Employer’s interests lacks merit. There is no dispute that an employer’s interests may diverge from that of its carrier. See Hanssen, 727 So.2d at 965 (holding that when interests of employer and carrier are opposed, this Court will not treat employer as carrier’s alter ego) (superseded on other grounds). As the JCC noted, the “parties obviously recognized the divergent interests among the Employer and Carrier in this case because the Employer and the Carrier were represented by different counsel.” *217 The Carrier’s denial of benefits created potential liabilities for the Employer; thus, the Employer’s interests, as recognized by the JCC, diverged from those of the Carrier. For example, an employer has a legal duty to provide workers’ compensation benefits to its employees. See § 440.10(l)(a), Fla. Stat. (2010) (“Every employer coming within the provisions of this chapter shall be liable for, and shall secure, the payment to his or her employees ... the compensation payable under ss. 440.13, 440.15, and 440.16.”). Failure to do so can subject the employer to a loss of certain defenses should the injured employee opt to file suit in circuit court on account of the accident. § 440.06, Fla. Stat. (2010) (“Every employer who fails to secure the payment of compensation, as provided in s. 440.10, by failing to meet the requirements of s. 440.38 may not, in any suit brought against him or her by an employee subject to this chapter to recover damages for injury or death, defend such a suit on the grounds that the injury was caused by the negligence of a fellow servant, that the employee assumed the risk of his or her employment, or that the injury was due to the comparative negligence of the employee.”). The Employer’s interests were not identical to those of the Carrier. Indeed, under the plain language of section 440.10(l)(a), Florida Statutes (2010), the Employer, here a corporation, is liable to provide Claimant’s medical services and compensation, not the insurance carrier that collected a premium to provide those benefits.
Addressing standing next, it cannot be said that this order was wholly favorable to the Employer. A litigant has standing to seek review of an order that is at least partially adverse to its interests. See Franklin Life Ins. Co. v. Davy, 753 So.2d 581, 585 (Fla. 1st DCA 1999) (finding appellant was aggrieved in part by trial court’s limit of new trial to only damages where motion requested new trial on both liability and damages). The order here was at least partially adverse to the Employer, because, even though the Employer may benefit because its premiums would not be affected (because there was no loss to the Carrier), it has also been exposed to other liabilities and it remains liable for Claimant’s injuries. § 440.10(l)(a), Fla. Stat. (2010). Further, the Employer clearly expressed its position at the hearing that its employee should be covered under chapter 440. Because the Employer has standing to proceed with this appeal, Claimant’s notice of appeal and joinder were filed timely.
Addressing finally the preservation issue, the Carrier’s premise is inaccurate— the Employer is not asking the JCC to impose the remedy in section 440.185(9); accordingly, there was no need to “preserve” this argument in the traditional sense. The sole issue before the JCC, and the dispositive issue here, is whether the JCC properly applied section 440.185(1), Florida Statutes (2010), when he found Claimant/Employer failed to give the Carrier timely notice of the injury. Claimant made it clear that he believed that the notice requirements imposed by chapter 440 were satisfied when he provided timely notice to the Employer that he had sustained an injury. Reference on appeal to other statutory provisions in support of a party’s position on an issue is not the equivalent of raising a new issue. Just as parties may cite case law in their briefs in support of their position that often times was not put before the JCC, they may also cite other statutory provisions that lend support to their argument. The Employer is not requesting that the section 440.185(9) penalty be applied; indeed, the JCC has no authority to impose this penalty. Instead, the Employer is referencing *218 that section in support of its argument that the JCC imposed an impermissible, non-textual penalty — one not found in section 440.185(1) — on Claimant. Because the issue in this appeal was submitted to the JCC, it was preserved for review by this Court.
Accordingly, this appeal is REVERSED and REMANDED for further proceedings consistent with this opinion.
THOMAS and SWANSON, JJ„ concur.