PER CURIAM.
Everett W. Spears appeals the denial of his claim for medical care and temporary partial disability benefits. We reverse in part.
Competent substantial evidence does not support the judge of compensation claims’ (JCC) reliance on Dr. Parr’s[1] testimony to deny the claim for chiropractic care. Dr. Parr, an orthopedist, specifically testified that he did not have much knowledge of chiropractic treatment and would be unable to opine whether Spears needs such treatment.[2] Second, the record is unclear as to why the JCC rejected the testimony of Dr. Guenther[3] and Dr. Barrass, two chiropractors who testified that Spears may benefit from chiropractic treatment. See Curry v. Miami Dolphins, Ltd., 522 So.2d 1010, 1011-12 (Fla. 1st DCA 1988) (“the failure to state reasons for accepting one doctor’s opinion over others is error where (1) the reason for the finding in the order is not apparent from the record, or *1388 (2) it appears that the deputy commissioner has overlooked or ignored evidence in the record”). Accordingly, we reverse the JCC’s finding that Spears is not entitled to chiropractic treatment.
We also reverse the JCC’s finding on the issue of temporary partial disability benefits. Spears is entitled to seek these benefits since he has not reached maximum medical improvement (MMI). The JCC incorrectly found the parties stipulated to MMI. The record does not support this finding. The JCC found that Spears left his employment because of transportation problems. While such is true, the record demonstrates that these problems were directly caused by the injury and resulting lower wage. Carrier representative Mr. Gelsinger’s testimony does not support a finding that Spears received notice of his rights and obligations regarding wage loss benefits. Mr. Gelsinger was not employed by the carrier at the time he claimed notice was given and had no way of knowing the carrier’s practices at that time. We direct the JCC to consider these issues on remand.
Finally, we reverse the JCC’s finding (or lack thereof) regarding average weekly wage (AWW). The JCC found “that the Claimant’s AWW and corresponding compensation rate, as calculated by the Employer/ Carrier is correct.” Neither the order nor the record indicate what the E/C calculated the AWW to be. Since this court cannot adequately review the AWW without knowing what the JCC determined it to be, we remand this issue to the JCC for clarification.
We decline to address the JCC’s finding regarding payment for a lab test since such is supported by competent substantial evidence. We vacate the finding of no bad faith and direct the JCC to reconsider the bad faith claim in light of any matters presented on remand.
SMITH, KAHN and WEBSTER, JJ., concur.

. Dr. Parr was the IME orthopedist chosen by the E/C.

. The fact that Dr. Parr is an orthopedist would not disqualify him from rendering an opinion on chiropractic care. Alford v. G. Pierce Woods Memorial Hospital, 621 So.2d 1380 (Fla. 1st DCA 1993) (an orthopedist may possess "enough knowledge about chiropractic manipulation to be able to render an opinion as to the effect of such movement upon the spine of someone like claimant"). In this case Dr. Parr disqualified himself by testifying that he was unable to give an opinion as to whether chiropractic treatment was necessary because of his lack of knowledge.

.Dr. Guenther was the IME chiropractor chosen by the E/C.