901 So.2d 273 (2005)
Gladys CORTINA, Appellant,
v.
STATE of FloridaDEPT. OF HRS and Division of Risk Management, Appellees.
No. 1D04-2452.
District Court of Appeal of Florida, First District.
April 27, 2005.
Mark L. Zientz and Andrea Cox, of Law Offices of Mark L. Zientz, P.A., Miami, for appellant.
Robert L. Teitler, of Walton, Lantaff, Schroeder & Carson LLP, Miami, and Rodd R. Buell, Wellington, for appellees.
WOLF, C.J.
Claimant, Gladys Cortina, challenges a final order of the Judge of Compensation Claims (JCC) denying benefits. Claimant *274 raises three issues on appeal: 1) whether the JCC erred by finding that no dispute existed for which appellant was entitled to an independent medical examination (IME) with a psychiatrist; 2) whether the JCC erred in rejecting Dr. Freshwater's medical opinion and accepting his report for fact purposes only; and 3) whether section 440.13(5)(e), Florida Statutes, which excludes certain expert medical opinions from evidence that are not from an authorized treating provider, an independent medical examiner, or an appointed expert medical adviser, constitutes an unconstitutional violation of separation of powers. We reverse as to issue I. We affirm as to issue II without further discussion, and we affirm as to issue III, noting that this court has consistently recognized and upheld the Legislature's prerogative as to evidentiary issues in workers' compensation cases. See, e.g., Home Depot v. Turner, 820 So.2d 1075 (Fla. 1st DCA 2002) (approving the statute's requirement for "conclusive proof of a substantial earning capacity" as the claimant's burden of proving entitlement to permanent total disability benefits).
As to issue I, the JCC denied claimant's request for an IME with a psychiatrist, determining "there is no competent substantial evidence of a `dispute' as contemplated by section 440.13(5), Fla. Stat." There was a dispute, however, concerning whether claimant had reached psychiatric maximum medical improvement (MMI) and as to claimant's entitlement to temporary partial disability (TPD) benefits.
Section 440.13(5)(a), Florida Statutes, sets forth the basic criteria for obtaining an IME:
In any dispute concerning overutilization, medical benefits, compensability, or disability under this chapter, the carrier or the employee may select an independent medical examiner.
Under section 440.13(5)(a), the only condition required for a party to request an IME is a dispute. See ABC Liquors, Inc. v. Flores, 700 So.2d 102 (Fla. 1st DCA 1997); Union Camp Corp. v. Hurst, 696 So.2d 873, 875 (Fla. 1st DCA 1997).
Under relevant case law, there are two ways to create a section 440.13(5)(a) dispute. First, when an employer denies a claim for benefits, the employer is clearly disputing the claimant's right to benefits Because a request for an IME could be treated as a request for benefits, a denial of that request may also create a dispute See ABC Liquors, Inc., 700 So.2d at 102 Second, when an employer authorizes evaluation and treatment of a claimant, but after receiving the diagnosis of the treating physician the claimant disagrees with it, a dispute is created and the claimant may request an IME. See Union Camp, 696 So.2d at 875; see also Velasquez v. Malaja Constr., Inc., 720 So.2d 302, 305 (Fla. 1st DCA 1998) (stating in dicta that "[d]ifferences over future medical benefits may also arise after medical benefits have been furnished, when one party disagrees with the diagnosis of a treating physician or of the other party's independent medical examiner"). The dispute in this case arose in accordance with the second method, entitling the claimant to a psychiatric IME pursuant to section 440.13(5)(a).
In Union Camp, this court stated that it was incumbent upon a claimant who disputes the opinions of physicians furnished by an employer to seek an independent medical examination:
The claimant was under an affirmative obligation to request an IME under section 440.13(5)(a), Florida Statutes (Supp.1994), by the physician of his choice, if he objected to the E/C's decision to controvert his request for benefits based *275 upon the opinions rendered in the independent medical evaluations obtained by E/C.
Id. at 875 (citing Rucker v. City of Ocala, 684 So.2d 836 (Fla. 1st DCA 1996), which held that claimant's due process rights were not violated by statutory provision excluding testimony by unauthorized treating physicians, in part because claimant had the option of seeking a physician to perform an IME).
In Wiggins v. B & L Services, Inc., 701 So.2d 570 (Fla. 1st DCA 1997), where the claimant sought an IME with a physician who was outside the E/C's managed care system and the E/C denied the IME, this court held that in determining whether the JCC departed from the essential requirements of law in ruling that the claimant was not entitled to an IME with another physician, the purpose of the IME had to be examined; if the IME was sought for the purpose of resolving a dispute concerning the entitlement to indemnity benefits, then a denial of the IME would be a departure from the essential requirements of law. Id. at 572.
In this case, the claimant disagreed not only with the medical care she received by the authorized psychiatrist provided, she disagreed with his determination that she had achieved MMI. Because the E/C denied the claim for TPD benefits in part on the basis that the claimant had achieved overall MMI, the claimant's request to present medical opinion evidence from a psychiatric IME was directly related to demonstrating her entitlement to TPD benefits.
In Johnson v. Orange County Corrections, 786 So.2d 678 (Fla. 1st DCA 2001), this court held that a dispute regarding whether an injured worker had achieved MMI supported the claimant's entitlement to an IME. See also Kimmins Corp. v. Collier, 664 So.2d 299, 300 (Fla. 1st DCA 1995) (holding that when E/C defended entitlement to an IME on grounds that claimant had achieved MMI, a dispute arose over claimant's entitlement to both medical care and indemnity benefits). We, therefore, reverse for the approval of a psychiatric independent medical examination.
BARFIELD and LEWIS, JJ., concur.