911 So.2d 858 (2005)
Valerie ZABIK, Petitioner,
v.
PALM BEACH COUNTY SCHOOL DISTRICT and F.A. Richards and Associates, Inc., Respondents.
No. 1D05-1877.
District Court of Appeal of Florida, First District.
September 22, 2005.
Randall T. Porcher and Cord Byrd of Gonzalez, Porcher, Garcia, Custer & Roca, Lake Worth, for Petitioner.
Aaron S. Bass of Silver, Levy, Feldman & Bass, P.A., West Palm Beach, for Respondents.
ERVIN, J.
Valerie Zabik petitions this court for the issuance of a writ of certiorari from a non-final workers' compensation order compelling her to attend a psychiatric independent medical examination (IME). Because we conclude the judge of compensation claims (JCC) departed from the essential requirements of the law in granting the motion to compel, we grant the petition and quash the compulsion order.
After Zabik had been accepted by respondent employer/servicing agent (E/SA) as permanently and totally disabled (PTD) *859 as a result of a compensable injury caused by a fall, counsel for the E/SA moved for a psychiatric IME because he had seen a letter from Zabik's attorney to Zabik's authorized treating orthopedist regarding her "ability to concentrate," which counsel for the E/SA characterized as dealing with her mental health or psychiatric condition. He "believed," based solely on the language in the letter, that the orthopedist had recommended Zabik undergo a psychiatric evaluation. He represented that the E/SA had attempted to provide Zabik with such care, but she refused. Counsel argued that if the E/SA at some time in the future directed Zabik to return to work and PTD benefits were terminated, he anticipated Zabik would then claim her need for psychiatric care because of her perceived inability to work from a psychiatric standpoint. Counsel concluded that an IME would help resolve the potential issue of whether Zabik was psychiatrically disabled, thereby avoiding a possible future dispute.
Certiorari review lies if the JCC orders a psychiatric IME without statutory authority. See Taylor v. Columbia/HCA Doctors Hosp. of Sarasota, 746 So.2d 1244 (Fla. 1st DCA 1999). In the present case no statutory authority supports the issuance of the IME order. Section 440.13(5)(a), Florida Statutes (2000), permits an IME if the facts disclose a dispute regarding over utilization, medical benefits, compensability, or disability, and section 440.1925(1), Florida Statutes (2000), authorizes an IME on facts showing a dispute regarding maximum medical improvement or permanent impairment. It is incumbent upon the party seeking an IME to prove the existence of a dispute. See Velasquez v. Malaja Constr., Inc., 720 So.2d 302 (Fla. 1st DCA 1998). The most the E/SA has shown in support of its motion for an IME is that the procedure might help resolve a future dispute over whether Zabik may be psychiatrically disabled. Such speculation clearly does not comply with the statutes' requirement of a current controversy over any of the subjects therein designated. Because there was no legal justification for the issuance of the IME order, the
PETITION for WRIT of CERTIORARI is GRANTED, and the ORDER is QUASHED.
ALLEN and POLSTON, JJ., concur.