LEWIS, J.
 

 Petitioner/Claimant seeks certiorari review of an order of the Judge of Compensation Claims (JCC) granting the Employer/Carrier’s (E/C) motion to compel Claimant’s attendance at an independent medical examination (IME). Because we conclude that the order departs from the essential requirements of law and would cause irreparable harm that cannot be adequately remedied on appeal, we grant the petition and quash the compulsion order.
 

 Claimant, a service technician for the E/C, sustained various neurological and orthopedic injuries in a compensable accident on July 27, 2007. Following the accident, the E/C selected and authorized various medical providers to treat Claimant’s injuries.
 

 Claimant subsequently developed psychological problems and filed petitions for benefits (PFBs) on May 21, June 11, and June 22, 2009. In the petitions, Claimant sought temporary indemnity benefits, authorization and payment for prescription medications, authorization for psychiatric care and acupuncture, penalties, interest, costs, and attorney’s fees. These claims were mediated and, in a mediation conference report filed August 4, 2009, the parties indicated that they resolved all pending issues with the exception of attorney’s fees and costs. Significantly, the E/C agreed to authorize a psychiatrist of its choice to treat Claimant’s psychological injuries. The mediation agreement specified that all pending issues were resolved and that the JCC retained jurisdiction regarding the issue of entitlement and amount of attorney’s fees and costs. The JCC thereafter entered an order dismissing all claims contained in all PFBs filed on or before June 22, 2009, except for those pertaining to attorney’s fees and costs.
 

 After resolving all claims in mediation, the E/C filed a motion to compel Claimant’s attendance at a neuropsychia-tric IME. In the motion, the E/C expressed concern over the existence of Claimant’s psychiatric condition and the longevity of Claimant’s medical care with one of his authorized treating physicians. In response, Claimant argued the JCC lacked authority to compel his attendance at an IME because no “dispute” existed within the meaning of section 440.13(5)(a), Florida Statutes (2007).
 

 
 *836
 
 After conducting a hearing on the E/C’s motion, the JCC entered an order compelling Claimant’s attendance at a neuropsy-chiatric IME. Reasoning that an E/C is permitted to transfer medical care pursuant to section 440.13(2)(d), Florida Statutes (2007), if an independent medical examiner determines the employee is not making appropriate progress in recuperation, the JCC concluded that Claimant could be compelled to attend an IME. Claimant seeks review of the JCC’s order, asserting that it departs from the essential requirements of law because there is no dispute between the parties, as required by section 440.13(5)(a).
 

 “Certiorari review lies if the JCC orders a psychiatric IME without statutory authority.”
 
 Zabik v. Palm Beach County Sch. Dist.,
 
 911 So.2d 858 (Fla. 1st DCA 2005);
 
 see Taylor v. Columbia/HCA Doctors Hosp. of Sarasota,
 
 746 So.2d 1244, 1245 (Fla. 1st DCA 1999)(“In the context of compelled physical or psychiatric examinations, the required element of irreparable harm may be found based on the notion that once the invasive harm of the examination occurs, it cannot be undone on appeal.”). In the present case, no statutory authority supports the order compelling Claimant’s attendance at an IME.
 

 Section 440.13(5)(a), Florida Statutes (2007), permits an IME if the facts disclose a dispute “concerning overutilization, medical benefits, compensability,” or disability. Under this provision, “the only condition required for a party to request an IME is a
 
 dispute.’’ Cortina v. State, Dep’t of HRS,
 
 901 So.2d 273, 274 (Fla. 1st DCA 2005);
 
 Zabik,
 
 911 So.2d at 859 (holding that it is incumbent upon party seeking IME to prove existence of dispute). We read “dispute” to mean a legal dispute cognizable under the Florida Worker’s Compensation Law.
 
 See, e.g., Cortina,
 
 901 So.2d at 274 (holding that a section 440.13(5)(a) “dispute” is created when an employer denies a claim for benefits or when a claimant disagrees with the diagnosis of an E/C-authorized treating physician);
 
 ABC Liquors, Inc. v. Flores,
 
 700 So.2d 102 (Fla. 1st DCA 1997) (holding that a claimant’s request for IME amounted to a request for authorization of medical care and, therefore, that the E/C’s denial of that request created a dispute over medical benefits, warranting authorization of IME).
 

 Here, there was no “dispute” between the parties because Claimant had not requested any benefit or medical treatment that the E/C declined to provide. Contrary to the E/C’s argument, it did not demonstrate a dispute by expressing concern over Claimant’s progress with the physician it authorized to treat Claimant’s injuries. To create a dispute concerning medical benefits, an E/C is required to deny a claimant’s request for medical benefits. Simply expressing unilateral speculative concerns over a claimant’s progress with an authorized physician is insufficient.
 
 See Zabik,
 
 911 So.2d at 859 (holding E/C’s speculative but unrealized concern over claimant’s psychiatric condition insufficient to constitute dispute warranting IME).
 

 The JCC, relying on section 440.13(2)(d), determined that the E/C created a “dispute” by questioning Claimant’s progress with the authorized treating physician. Section 440.13(2)(d) provides that “[t]he carrier has the right to transfer the care of an injured employee from the attending health care provider if an [IME] determines that the employee is not making appropriate progress in recuperation.” Contrary to the reasoning of the JCC, section 440.13(2)(d) does not grant an E/C an independent right to an IME whenever the E/C suspects a claimant is not adequately progressing. Rather, this section presumes the existence of a dispute war
 
 *837
 
 ranting the initial appointment of an IME, as required by section 440.13(5)(a). Section 440.13(2)(d) applies only after an E/C establishes a dispute pursuant to section 440.13(5)(a) and the IME takes place.
 

 Because the E/C failed to prove the existence of a dispute as required by section 440.13(5)(a), the JCC should not have compelled Claimant’s attendance at an IME. Consequently, we GRANT the petition and QUASH the order granting the E/C’s motion to compel.
 

 DAVIS and PADOVANO, JJ., concur.