PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) compelling her to attend a functional medical evaluation (FME). We reverse the order. Without deciding whether an FME is identical to an independent medical examination (IME), we hold the JCC lacked jurisdiction to rule on the matter here, given there is no pending claim for benefits, no statutory authority for an FME per se within chapter 440, Florida Statutes, and insufficient proof that the FME in this case was “medically necessary” as that phrase is used in section 440.1S(2)(a), Florida Statutes. See Lehoullier v. Gevity/Fire Equip. Servs., 48 So.3d 834 (Fla. 1st DCA 2010) (holding the JCC lacked authorization to compel an IME where the claimant had not requested benefits or medical treatment that the employer declined to provide); McArthur v. Mental Health Care Inc., 35 So.3d 105, 107 (Fla. 1st DCA 2010) (holding the JCC has only those powers expressly provided by statute and, conversely, has no jurisdiction or authority beyond that specifically conferred by statute).
Although the parties extensively discussed Interior Custom Concepts v. Slovak, 969 So.2d 1095 (Fla. 1st DCA 2007), that case is inapposite as its holding addresses an order on attorney’s fees; to the extent it notes the JCC found she could not compel an FME, that ruling, entered in a prior order, was not before the court. We further note, without addressing the constitutional argument that the order to compel violates Claimant’s right to privacy, that a claimant always has the right to reject medical assistance, although the consequences may include forfeiture of certain workers’ compensation benefits. See, e.g., § 440.13(5)(d), Fla. Stat. (2006) (stating that an employee who fails to appear for an Employer/Carrier-ordered IME without sufficient notice or good cause is barred from recovering compensation for the period during which she refuses to submit to IME).
REVERSED.
DAVIS, PADOVANO, and CLARK, JJ., concur.