PER CURIAM.
Petitioner/Claimant seeks certiorari review of an order of the Judge of Compensation Claims (JCC) granting the Employer/Carrier’s (E/C’s) motion to compel his attendance at an independent medical examination (IME). Because we conclude that the order departs from the essential requirements of law and Claimant would suffer harm not remediable on appeal should the exam go forward, we grant the petition and quash the March 8, 2012, order.
Claimant suffered a crush injury to the right hand on May 4, 2010, for which the E/C accepted responsibility and provided medical treatment. Claimant filed a petition for benefits in December 2010. In March 2011, Claimant filed a notice with the JCC that the issues raised in the petition were resolved, and the JCC entered an order on March 7, 2011, dismissing the pending petition and administratively closing the file. No subsequent petition was filed. Throughout the time relevant to this matter, Claimant remained under the care of physicians authorized by the E/C to provide treatment.
On February 16, 2012, the E/C filed a motion to compel Claimant’s attendance at an IME. In support of the motion, the E/C alleged there existed
disputes with regard to what it contends to be an excessive permanent impairment rating not substantiated by the Florida Permanent Impairment Guides, and work restrictions rendered by the authorized treating physician Dr. Zoel-ler. Also disputed by the [E/C] is the extent of disability arising from the claimant’s hand injury and the medical treatment and diagnoses including RSD/ CRPS and resulting treatment plans as they related to the claimant’s work injury by the current treating physicians Dr. Zoeller and Dr. Pyles.
The E/C never alleged it had denied any medical benefits requested by Claimant. The JCC granted the motion, finding “[h]ere, the E/C has expressed more than ‘speculative concerns over Claimant’s progress.’ The E/C has expressed disagreement with the diagnosis and medical treatment of the treating physicians. When considering the foregoing case law, the E/C has established a dispute over medical benefits entitling it to an IME.”
Certiorari review is properly invoked when a JCC orders an IME without statutory authority. See Zabik v. Palm Beach County Sch. Dist., 911 So.2d 858, 859 (Fla. 1st DCA 2005) (“Certiorari review lies if the JCC orders a psychiatric *943 IME without statutory authority.”). Material harm may be established, when considering a compelled physical examination, simply by the occurrence of the exam as once the exam takes place, it cannot be undone on appeal. See Taylor v. Columbia/HCA Doctors Hosp. of Sarasota, 746 So.2d at 1244, 1245 (Fla. 1st DCA 1999) (“In the context of compelled physical or psychiatric examinations, the required element of irreparable harm may be found based on the notion that once the invasive harm of the examination occurs, it cannot be undone on appeal.”).
This court addressed a situation similar to the one presented here in Lehoullier v. Gevity/Fire Equipment Services, 43 So.3d 834 (Fla. 1st DCA 2010). In Lehoullier, we noted that IMEs are appropriate when a “dispute” arises “ ‘concerning overutilization, medical benefits, compensability,’ or disability.” Id. at 836. See also § 440.13(5)(a), Fla. Stat. (2009). A “dispute” was read “to mean a legal dispute cognizable under the Florida Worker’s [sic] Compensation Law.” Lehoullier, 43 So.3d at 836. The Lehoullier court concluded
there was no “dispute” between the parties because Claimant had not requested any benefit or medical treatment that the E/C declined to provide. Contrary to the E/C’s argument, it did not demonstrate a dispute by expressing concern over Claimant’s progress with the physician it authorized to treat Claimant’s injuries. To create a dispute concerning medical benefits, an E/C is required to deny a claimant’s request for medical benefits. Simply expressing unilateral speculative concerns over a claimant’s progress with an authorized physician is insufficient. See Zabik, 911 So.2d at 859 (holding E/C’s speculative but unrealized concern over claimant’s psychiatric condition insufficient to constitute dispute warranting IME).
Id. (emphasis added).
Here, the relevant inquiry was whether the E/C denied a medical benefit requested by Claimant. It was the E/C’s burden to present evidence of such a denial, and it failed to do so. Thus, the JCC here, as did the JCC in Lehoullier, erred in compelling Claimant’s attendance at an IME. Accordingly, we GRANT the petition and QUASH the order granting the E/C’s motion to compel.
ROBERTS, WETHERELL, and SWANSON, JJ., concur.