THOMAS, J.
We have for certiorari review an order of the Judge of Compensation Claims (JCC) requiring Claimant to submit to an independent medical examination (IME), as requested by the Employer/Carrier (E/ C). We quash the order, because it departs from the essential requirements of law.
Claimant sustained a compensable accident on October 24, 2001, which resulted in an injury to her lumbar spine. Claimant received authorized medical care from various providers, including her treatment in 2003 with Dr. Vega, a pain management specialist. Dr. Vega placed Claimant at maximum medical improvement on July 10, 2003, and assigned a 6% permanent impairment. Claimant also underwent an IME with Dr. Ray in 2003, but that examination did not address pain management.
In 2012, the E/C arranged for another IME with Dr. Wachsman, a pain management specialist, which Claimant declined to attend. In 2013, the E/C filed a motion to compel the examination with Dr. Wachs-man “[biased upon the continued treatment with Dr. Vega and the frequency of the visits and the amount of medications being prescribed.” The E/C asserted that its prior IME with Dr. Ray did not address pain management; that the JCC has jurisdiction to compel attendance at an IME even when there is no petition for benefits pending; and the JCC has jurisdiction to compel attendance when there is a question of overutilization, pursuant to sections 440.13(6) and (7), Florida Statutes (2001).
Claimant filed a response containing two arguments. First, Claimant argued that the E/C failed to detail any legally cognizable dispute regarding overutilization, asserting that the possibility of overutilization was based on speculation. Claimant also argued that the E/C did not establish the necessary statutory criteria for entitlement to an alternate examiner, because Dr. Ray also specialized in pain management.
By order dated January 30, 2013, the JCC granted the E/C’s motion to compel an IME with Dr. Wachsman. In the order under review, the JCC cited Delgado v. J.C. Concrete, 721 So.2d 353 (Fla. 1st DCA 1998). Claimant now seeks certiorari review.
“For a nonfinal [workers’] compensation order to be reviewable by certiorari, a party is required to demonstrate that the order: (1) constitutes a departure from the essential requirements of law; (2) would cause material harm; and (3) could not be adequately remedied on appeal.” See Diestel v. Winfrey Plumbing, Inc., 668 So.2d 283, 284 (Fla. 1st DCA 1996). The E/C does not challenge Claimant’s assertion that a compelled physical exam may provide the irreparable harm that cannot be remedied on appeal; thus, our focus is on whether the order compelling the exam departed from the essential requirements of law.
First, we note that because it was the E/C’s motion to compel an IME, it was the E/C’s burden to establish the factual and legal basis for the examination. See Velasquez v. Malaja Constr., Inc., 720 So.2d 302, 305 (Fla. 1st DCA 1998). Second, we recognize that under section 440.13, Florida Statutes (2001), either party may obtain an IME “[i]n any dispute concerning overutilization, medical benefits, compensability, or disability.” § 440.13(5)(a). To construe this statute, we first look to its plain language. See Perez v. Rooms To Go, 997 So.2d 511, 512 (Fla. 1st DCA 2008) (“In construing a statute, this court looks to its plain language.”).
*1113 Here, the relevant and plain statutory language requires a “dispute” as the condition precedent to an IME. This was made clear in Lehoullier v. Gevity/Fire Equipment Services, 43 So.3d 834 (Fla. 1st DCA 2010): “Section 440.13(5)(a), Florida Statutes (2007), permits an IME if the facts disclose a dispute ‘concerning overu-tilization, medical benefits, compensability,’ or disability. Under this provision, ‘the only condition required for a party to request an IME is a dispute.’ ” Id. at 836. (quoting Cortina v. State, Dep’t of HRS, 901 So.2d 273 (Fla. 1st DCA 2005) (emphasis in original)). In Lehoullier, the alleged dispute concerned both the length of the claimant’s treatment with one of his physicians, and whether the claimant had a psychiatric condition, after the E/C had authorized psychiatric care. Id. at 835. This court held that “dispute” must be read to be “a legal dispute cognizable under the Florida Workers’ Compensation Law.” Id. at 836. In Lehoullier, it was determined there was no dispute, because no requested benefit or medical treatment had been denied by the E/C. Id.
Here, under the statute, an E/C’s claim to need a utilization review can potentially constitute a “dispute” between an E/C and a health care provider. See § 440.13(6) and (7), Fla. Stat. (2001). Nevertheless, the IME statute still requires that the E/C must establish some facts to show it is entitled it to an IME. See § 440.13(5)(a), Fla. Sta. (2001).
Under Delgado, it appears there was no question but that the E/C had begun its utilization review. 721 So.2d at 354. Here, however, the E/C’s motion avers only that Claimant began treating with Dr. Vega in 2003, and since that time,
Claimant has been treating with Dr. Vega on a regular basis since being placed at maximum medical improvement [July 10, 2003]. Dr. Vega has provided injections, as well as the following medications: Percocet, Soma, Zolpi-dem, Klonopin, Zantac, Lodine, Trama-dol, and Lidoderm patches. In addition to treating claimant for her lumbar spine, Dr. Vega has been treating claimant for a cervical condition since 3/3/08 for which the doctor is being paid by Medicare.
In that the motion was filed over twelve years after Dr. Vega began treatment, the vague assertion that the doctor sees Claimant “on a regular basis” and has prescribed eight different medications in that same time period does not set out a prima facie case for overutilization. The E/C’s assertion is similar to the “concern over Claimant’s progress with the physician it authorized to treat Claimant’s injuries,” which this court found insufficient to demonstrate a dispute in Lehoullier. 43 So.3d at 836.
We hold that the E/C must present some evidence to demonstrate that it is in fact engaged in the statutory utilization review process. Under section 440.13(5)(a), Florida Statutes (2001), argument and assertions by counsel are not evidence sufficient to demonstrate the existence of a dispute. See, e.g., Bellamy v. Golden Flake Snack Foods, Inc., 97 So.3d 941 (Fla. 1st DCA 2012) (quashing order compelling IME, stating, “Simply expressing unilateral speculative concerns over a claimant’s progress with' an authorized physician is insufficient” to create medical “dispute” warranting IME) (quoting Lehoullier, 43 So.3d at 836).
Because the JCC departed from the essential requirements of law in compelling Claimant to attend a physical examination without evidence of a dispute, we need not reach Claimant’s second argument. Accordingly, the petition for writ of certiorari is GRANTED, and the January 30, 2013, *1114 order compelling Claimant’s attendance at an IME is QUASHED.
ROWE and SWANSON, JJ., concur.