PER CURIAM.
In this workers’ compensation case, Claimant has filed a petition for writ of certiorari review of an order of the Judge of Compensation Claims (JCC) granting the Employer/Carrier’s (E/C’s) motion to compel an independent medical examination with Dr. Jonathan Hyde, regarding his compensable accident of December 8, 2003. For the reasons set forth herein, we grant the petition and quash the order.
To obtain a writ of certiorari, Claimant must show there has been “(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the ease (3) that cannot be corrected on postjudgment appeal.” See Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004) (citations omitted). The reviewing court should consider first whether there is an irreparable harm, as it is a condition precedent to invoking certiorari jurisdiction. Commonwealth Land Title Ins. Co. v. Higgins, 975 So.2d 1169, 1176 (Fla. 1st DCA 2008) (citing Jaye v. Royal Saxon, Inc., 720 So.2d 214, 215 (Fla.1998)). The E/C has conceded the condition precedent is met here.
Regarding departure from the essential requirements of law, a departure from the essential requirements of law occurs if the JCC orders an independent medical examination without statutory authority. See Lehoullier v. Gevity/Fire Equip. Servs., 43 So.3d 834, 836 (Fla. 1st DCA 2010). Claimant here objects to the statutory authority for the exam on two different vectors — the independent medical examination itself, and the choice of independent medical examiner.
Claimant’s objection to the examination is based on his assertion that there is no dispute. This objection fails, as follows. The statutory authority for an independent medical examination exists under section 440.13(5)(a), Florida Statutes (2003), for “any dispute concerning overu-tilization, medical benefits, compensability, or disability under this chapter[.]” In Cortina v. State, Department of HRS, 901 So.2d 273, 274 (Fla. 1st DCA 2005), this court interpreted that quoted language, and concluded that “the only condition required for a party to request an IME is a dispute.” (emphasis in original) (citing ABC Liquors, Inc. v. Flores, 700 So.2d 102 (Fla. 1st DCA 1997) and Union Camp Corp. v. Hurst, 696 So.2d 873, 875 (Fla. 1st DCA 1997)). See also Lehoullier 43 So.3d at 836 (holding that “dispute” means “a legal dispute cognizable under the Florida Worker’s Compensation Law” and JCC did not have statutory basis to order independent medical examination because “there was no ‘dispute’ between the parties because [claimant had not requested any benefit or medical treatment that the E/C declined to provide”). Here, the E/C at *1285 tached to its motion the pretrial stipulation, which contains evidence of a dispute regarding disability — specifically, that Claimant has filed a claim for indemnity benefits, which is still pending, and which the E/C is contesting.
 Claimant’s objection to the examiner is based on his argument that the E/C already selected its independent medical examiner, Dr. Diaz, and thus cannot use Dr. Hyde. This objection has merit. Section 440.13(5)(a), Florida Statutes (2003), provides in part that “[t]he employer and employee shall be entitled to only one independent medical examination per accident and not one independent medical examination per medical specialty.” In Gomar v. Ridenhour Concrete & Supply, 42 So.3d 855, 858-59 (Fla. 1st DCA 2010), this court interpreted that quoted language, holding it permits one independent medical examiner (one single doctor) per accident to conduct multiple independent medical examinations as the need for such arises with various different disputes. There is an exception, under subsection 440.13(5)(b), which provides that each party is entitled to “an alternate examiner” only in four circumstances:
1. The examiner is not qualified to render an opinion upon an aspect of the employee’s illness or injury which is material to the claim or petition for benefits;
2. The examiner ceases to practice in the specialty relevant to the employee’s condition;
3. The examiner is unavailable to due to injury, death, or relocation outside a reasonably accessible geographic area; or
4. The parties agree to an alternate examiner.
Here, the E/C never alleged in its motion that it met the requirements of subsection (5)(b) so as to entitle it to use Dr. Hyde as an independent medical examiner, even though its own attachment to its motion— the pretrial stipulation — indicates that it had already designated Dr. Diaz as its independent medical examiner. Further, the E/C did not cite subsection (5)(b) or acknowledge that it had already designated Dr. Diaz. Although Claimant arguably brought subsection (5)(b) to the JCC’s attention by objecting to the E/C’s motion on that very ground, the JCC made no express findings in his order as to whether the E/C met the subsection (5)(b) requirements.
Were this court to infer from the JCC’s order findings that the subsection (5)(b) requirements are met, there is no evidence in the record to support such findings. Where there is a dispute in the material facts undergirding a party’s request for an IME, evidence is necessary to support the order awarding the independent medical examination. See Torres v. Costco Wholesale Corp. & Liberty Mut. Ins. Group, 115 So.3d 1111, 1113 (Fla. 1st DCA 2013) (“[T]he [independent medical examination] statute still requires that the E/C must establish some facts to show it is entitled it [sic] to an [independent medical examination].”); Bellamy v. Golden Flake Snack Foods, Inc., 97 So.3d 941, 943 (Fla. 1st DCA 2012) (“It was the E/C’s burden to present evidence of such a denial [of medical benefits, hence a dispute], and it failed to do so.”); Lehoullier, 43 So.3d at 836 (“Here, there was no ‘dispute’ between the parties because Claimant had not requested any benefit or medical treatment that the E/C declined to provide.”). Specifically, the mere fact that Dr. Diaz is a psychiatrist does not establish that he is unqualified to render an opinion on Claimant’s physical condition as a matter of law. Compare Spears v. Gates Energy Prods., 621 So.2d 1386 (Fla. 1st DCA 1993) (holding JCC erred, regarding need for chiro *1286 practic treatment, in relying on orthopedist who testified he was unable to opine whether claimant needed chiropractic treatment), with Alford v. G. Pierce Woods Mem. Hosp., 621 So.2d 1380 (Fla. 1st DCA 1993) (holding orthopedic surgeon is qualified to testify that chiropractic treatment would be inappropriate for claimant’s condition).
Consequently, the petition is GRANTED and the order QUASHED.
' BENTON, SWANSON, and OSTERHAUS, JJ„ concur.