IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SAMUEL JACKSON,

       Petitioner,

v.

COLUMBIA PICTURES AND
FIREMAN'S FUND,

       Respondents.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3018

Opinion filed December 16, 2014.

Petition for Writ of Certiorari.

Laurence F. Leavy of Laurence Leavy & Associates, P.A., Fort Lauderdale, for Petitioner.

Scott A. Cole and Daniel M. Schwarz of Cole Scott & Kissane, P.A., Miami, for Respondents.

PER CURIAM.

In this workers' compensation case, Claimant filed a petition for writ of certiorari seeking relief from an order of the Judge of Compensation Claims (JCC) entered June 5, 2014, granting the Employer/Carrier's (E/C's) motion to compel an

independent medical examination (IME). We grant the petition, and modify the order to limit the IME as will be discussed *infra*.

As background, Claimant sustained brain damage in a 20-foot fall in September 1986, reached maximum medical improvement in 1988, and was awarded medical and indemnity benefits, including attendant care that was in the nature of "remote surveillance" or "oversight." Jackson v. Columbia Pictures & Fireman's Fund, 610 So. 2d 1349, 1351 (Fla. 1st DCA 1992) (finding such care medically necessary and remanding for determination of number of hours needed). Thereafter, Claimant was incarcerated for two periods: April 13, 1993, through September 30, 2005, and March 13, 2008, to July 31, 2012. A final order of the JCC entered July 8, 2008, essentially found Claimant needed 24 hours a day of attendant care, and awarded Claimant attendant care benefits for services "actually rendered." In 2010, Claimant filed petitions for benefits (PFBs) seeking (*inter alia*) the payment of attendant care benefits for care rendered by the State of Florida during his incarceration, in the amount of 24 hours a day, seven days a week, at $20 per hour.

In 2014, the E/C moved to compel an IME, and also moved to "compel medical care" with the authorized treating physician. Claimant objected that he had no pending claim for current or future medical benefits – just the past attendant care – and that the E/C could not force him to undergo treatment; the E/C responded that medical issues are in dispute, and that Claimant was medically noncompliant (Claimant admits he has avoided treatment because he does not want surgery for

2

herniated discs and does not want to become dependent on medication). The JCC granted the motion to compel the IME, finding the 2010 PFBs were still at issue and by seeking a medical benefit Claimant had placed his condition at issue. The JCC also granted the motion to compel care, finding Claimant's refusal of an evaluation with the authorized treating physician unjustified, finding no evidence an evaluation would be invasive or cause irreparable harm, and finding Claimant's refusal deprives the E/C of the ability to carry out its statutory duty to investigate Claimant's entitlement to benefits. The instant case is Claimant's challenge to the order compelling an IME; a companion case (#1D14-3019) is Claimant's challenge to the order compelling medical care.

Claimant has demonstrated irreparable harm. See Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004) (holding that to obtain writ of certiorari Claimant must show "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal") (citations omitted); Taylor v. Columbia/HCA Doctors Hosp. of Sarasota, 746 So. 2d 1244, 1245 (Fla. 1st DCA 1999) ("In the context of compelled physical or psychiatric examinations, the required element of irreparable harm may be found based on the notion that once the invasive harm of the examination occurs, it cannot be undone on appeal.").

Regarding departure from the essential requirements of law, section 440.29(1), Florida Statutes (Supp. 1986), permits the JCC to "make such

3

investigation or inquiry, or conduct such hearing, in such manner as to best ascertain the rights of the parties" without being "bound by technical or formal rules of procedure, except as provided by this chapter," but the investigation should be limited to the issue pending before the JCC, which is only whether the supervision provided by the State of Florida during Claimant's incarceration constitutes the attendant care ordered. See generally Zabik v. Palm Beach Cnty. Sch. Dist., 911 So. 2d 858, 859 (Fla. 1st DCA 2005) (holding certiorari review is appropriate where JCC lacks statutory authority to compel attendance at IME); Berry Corp. v. Smith, 576 So. 2d 1366, 1368 (Fla. 1st DCA 1991) (holding JCC did not "err in ordering the independent medical examination to assist him in ascertaining the rights of the parties"); Atlanta Nat. Real Estate Trust v. Rain, 392 So. 2d 1339, 1341 (Fla. 1st DCA 1980) ("While section 440.25(3)(b)[, Florida Statutes (1977),] contemplates that independent examinations will be ordered where there is a conflict in the medical evidence, no such requirement appears in Section 440.29(1).").

Accordingly, we hereby GRANT the petition, modify the order to limit the IME to an opinion as to whether the supervision of Claimant provided by the State of Florida during the two periods of Claimant's past incarceration constitutes the type of attendant care ordered for Claimant, and QUASH any portion of the order to the contrary.

PADOVANO, RAY, and OSTERHAUS, JJ., CONCUR.