IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LAURA LEWIS,

      Petitioner,

v.

DOLLAR RENT A CAR and ESIS
WC CLAIMS,

      Respondents.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2951

Opinion filed June 9, 2017.

Petition for Writ of Certiorari – Original Jurisdiction.

Jane-Robin Wender of Wender Law, P.A., Boca Raton, for Petitioner.

Kimberly J. Fernandes of Kelly Kronenberg, P.A., Tallahassee, for Respondents.

PER CURIAM.

      In this workers' compensation proceeding, Petitioner/Claimant requests certiorari review of an order of the Judge of Compensation Claims (JCC) granting the Employer/Carrier's (E/C's) motion to compel her to attend a functional capacity evaluation (FCE). Because we conclude that the order departs from the essential requirements of law and would cause harm that cannot be corrected on appeal, we grant the petition and quash the order.

Claimant was involved in a compensable accident in 1989. She subsequently settled the indemnity portion of her case in 1990, but she continues to receive authorized and causally related medical care.[1] On March 22, 2016, the E/C filed a "Motion to Compel Attendance at Functional Capacity Evaluation." The motion asserted that an FCE had been prescribed by authorized treating physicians and that Claimant failed to attend the FCE appointment. The motion also asserted that the FCE was ordered as "medically necessary" by the treating physicians. No supporting documents were attached. Claimant subsequently filed a Petition for Benefits (PFB) on May 19, 2016, seeking prescription medication—also recommended by one of her treating doctors. An evidentiary hearing on the motion to compel was held on June 17, 2016.[2] On the morning of the evidentiary hearing on the motion, the E/C e-filed medical records purportedly in support of its motion. The e-filed documents included medical records and a prescription with a handwritten note from the authorized treating physician indicating the FCE was "medically necessary." At the hearing on the motion, Claimant's counsel objected to the introduction of the medical records and documents as untimely and unauthenticated. The JCC overruled the objection on the basis that reports of authorized treating physicians may come

---

[1] Accordingly, she is no longer eligible for wage-loss benefits under section 440.15, Florida Statutes.

[2] Due to pending PFB, no issue existed as to jurisdiction of the JCC to consider the motion.

2

into evidence pursuant to "F.S. 440.13" without authentication, and because there was no evidence that Claimant did not have access to the records before the hearing.

To obtain a writ of certiorari, Claimant must show that the order here is "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004) (citations omitted). The last two elements are generally considered together as "irreparable harm."

We have previously held that "[i]n the context of compelled physical or psychiatric examinations, the required element of irreparable harm may be found based on the notion that once the invasive harm of the examination occurs, it cannot be undone on appeal." Taylor v. Columbia/HCA Doctors Hosp. of Sarasota, 746 So. 2d 1244, 1245 (Fla. 1st DCA 1999). Although Chapter 440 contains no reference to FCEs and no evidence was presented to explain the exact nature of the evaluation, the parties appear to agree that the FCE here will require Claimant to perform a series of endurance tests designed to determine the limits of her physical capabilities. The E/C argues that an FCE is different from other compelled physical examinations because it will not involve "invasive" medical procedures such as blood tests or x-rays. We reject this argument. For the purpose of determining irreparable harm, we have never interpreted the invasiveness of the examinations so narrowly, and our

3

decisions have not turned on proof of the type of medical procedures that may be included as a part of the compelled exam. In the case of a compelled psychiatric examination, for example, the invasion of privacy alone may constitute irreparable harm. See, e.g., Zabik v. Palm Beach Cty. Sch. Dist., 911 So. 2d 858, 859 (Fla. 1st DCA 2005) ("Certiorari review lies if the JCC orders a psychiatric IME [independent medical examination] without statutory authority."). Because the FCE contemplated here will compel Claimant to undergo physical endurance tests, we find that Claimant has shown a material injury that cannot be remedied on appeal, which satisfies the element of irreparable harm. Additionally, because the parties are in an adversarial relationship the evaluator is essentially an expert witness for the party requesting the examination, here an FCE. See Chavez v. J & L Drywall, 858 So. 2d 1266, 1268 (Fla. 1st DCA 2003).

"A departure from the essential requirements of law," the remaining element for certiorari review, is defined as "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So. 2d 93, 96 (Fla. 1983). It is well established that a JCC has only the powers expressly provided by statute. See, e.g., McArthur v. Mental Health Care, Inc., 35 So. 3d 105, 107 (Fla. 1st DCA 2010) (holding JCC has only those powers expressly provided by statute and, conversely, has no jurisdiction or authority beyond that specifically conferred by statute). This Court has previously held that a departure from the essential

4

requirements of law occurs if the JCC orders an examination by an independent medical examiner or expert medical advisor (EMA) without the requisite statutory authority. See, e.g., Stahl v. Hialeah Hosp., 127 So. 3d 1283, 1284 (Fla. 1st DCA 2013) (reversing order compelling IME where there was no dispute as required by statute); Alvarado v. Wackenhut Corp., 951 So. 2d 937, 938 (Fla. 1st DCA 2007) (finding JCC departed from essential requirements of law by ordering appointment of neuropsychologist as EMA). Similarly, the FCE here cannot be compelled without proper statutory authority.

In workers' compensation law, substantive rights are established by the date of the accident. See, e.g., Butler v. Bay Ctr./Chubb Ins. Co., 947 So. 2d 570, 572 (Fla. 1st DCA 2006); Styles v. Broward Cty. Sch. Bd., 831 So. 2d 212, 213 (Fla. 1st DCA 2002). Here, the parties' substantive rights are determined by the law in effect in 1988. The 1988 statute contains no provision for an FCE *per se*.

Although 1988 law does not expressly provide for FCEs, Claimant may be compelled to submit to an FCE if the requisite authority is found in the statute. Section 440.13(2)(a), Florida Statutes (Supp. 1988), requires the E/C to provide Claimant with medically necessary remedial treatment, care, and attendance. Although FCEs are typically performed for occupational purposes, the JCC here found that the FCE in this case "will help the physicians in determining the future course of claimant's treatment." Under that circumstance, an FCE may be

5

considered a medical benefit that the JCC could order the E/C to provide under the authority of paragraph 440.13(2)(a), *if Claimant had filed a claim for the FCE.* But here, it is the E/C who seeks to compel Claimant to undergo an FCE that she does not want.

In Wojick v. Department of Children & Families, 75 So. 3d 362 (Fla. 1st DCA 2011), we held that the JCC lacked jurisdiction to compel a claimant's attendance at an functional medical evaluation (FME)[3] on three grounds: there was no pending petition for benefits, there was no statutory right to an FME *per se* within Chapter 440, Florida Statutes, and there was insufficient proof that the FME was "medically necessary" as that phrase is used in section 440.13(2)(a), Florida Statutes. For clarification, the rule of law in Wojick is not based on whether a prescription exists from an authorized provider for an FME, or whether an FME is medically necessary. The holding in Wojick is based on the absence of corresponding statutory authority for the JCC to require a claimant to submit to medical treatment or testing outside of those instances in which the statute specifically confers such authority.

Here, there is a pending PFB. However, the existence of a pending PFB does not alleviate the absence of statutory authority to compel a claimant's attendance at

---

[3] Like a functional capacity evaluation, Chapter 440 does not expressly provide for a functional medical evaluation either. See Interior Custom Concepts v. Slovak, 969 So. 2d 1095, 1096 (Fla. 1st DCA 2007). For purposes of the issue presented here, the analysis relating to authorization for an FME is the same as for an FCE.

an FCE. While a JCC may have authority to compel a claimant's attendance at an IME or before an EMA, there is no such statutory authority regarding an FCE. Additionally, the claimant always has the right to reject medical assistance (although consequences may include forfeiture of certain benefits). Id.; see also Jackson v. Columbia Pictures, 153 So. 3d 349, 350 (Fla. 1st DCA 2014) ("There has never been any part of the workers' compensation law that permits an E/C to force a claimant to submit to treatment, nor does any provision of law brought to our attention permit this court to bodily force an injured employee to undergo unwanted medical care.").

In West Coast Elevator Co. v. Wood, 780 So. 2d 321 (Fla. 1st DCA 2001), we reversed an order granting the claimant's request for an FCE because there was "no competent, substantial evidence supporting the medical necessity of an FCE." To clarify, West Coast Elevator does not hold that a JCC can compel an FCE if it is "medically necessary." West Coast Elevator did not involve a motion to compel a claimant's attendance at an FCE. The claimant in West Coast Elevator requested an FCE as part of a claim relating to a prior hearing on his entitlement to permanent total disability benefits. The FCE was ultimately denied for lack of proof of "medical necessity." West Coast Elevator relates only to those circumstances where a claimant requests an FCE (therefore, logically acquiescing to attendance) as a benefit due under section 440.13(2)(a), Florida Statutes, and can demonstrate "medical necessity." This ruling does not apply to an E/C's attempt to force a claimant's

7

attendance at an FCE, or to whether the JCC has the jurisdictional power to compel such attendance, or to whether such an FCE is "medically necessary."

Arguably, the FCE is equivalent to an IME in this case. Section 440.25(6), Florida Statutes (1987), provides that "[a]n injured employee claiming or entitled to compensation shall submit to such physical examination by a duly qualified physician designated or approved by the deputy commissioner[4] or approved by the deputy commissioner as the deputy commissioner may require." This subsection has been regarded as statutory authority for requiring a claimant to submit to an IME. See Atlanta Nat'l Real Estate Tr. v. Rain, 392 So. 2d 1339, 1341 (Fla. 1st DCA 1980). But the facts here do not meet the statutory requirements because (1) Claimant is neither claiming, nor is she entitled to claim, compensation (indemnity) benefits; and (2) the JCC did not designate or approve "a duly qualified physician" to conduct this FCE. The 1988 law further provides that "[i]n making an investigation or inquiry or conducting a hearing, the deputy commissioner . . . may make such investigation or inquiry, or conduct such hearing, in such a manner as to best ascertain the rights of the parties." § 440.29(1), Fla. Stat. (1987). This provision also has been construed as authority for ordering an IME, but cannot apply in this case because the FCE was not ordered as incidental to any pending dispute or issue. See Jackson, 153 So. 3d at 350 (holding compelled IME must be limited to

---

[4] JCCs were formerly called "deputy commissioners."

8

attendant care issue pending before JCC). Thus, even assuming the FCE could be considered an IME, the requisite statutory authority does not exist.

Here, the JCC ultimately relied on the analysis in <u>Wojick</u>, where this Court addressed a similar problem with statutory authority for a compelled FME. Without deciding whether an FME is the same as an IME, the <u>Wojick</u> court nevertheless quashed the order because the JCC lacked jurisdiction given that there was (1) no pending PFB; (2) no statutory authority for an FME *per se* within Chapter 440; and (3) insufficient proof of medical necessity. In the order on review here, the JCC applied the language in <u>Wojick</u> and reasoned that the requirements were met here by the undisputed medical evidence of medical necessity and the pending PFB. Significantly, the JCC did not explain where within the 1988 version of Chapter 440 he found specific statutory authority to compel an FCE. As a result, the JCC departed from the essential requirements of law because nothing in the <u>Wojick</u> opinion—or any other legal authority—suggests that the jurisdictional problem there would be cured if only one or more, but not all three, of the deficiencies existed.[5]

Because the JCC did not have the requisite statutory authority here, the order compelling Claimant to undergo an FCE is a departure from the essential requirements of law, which, as we have explained, will cause Claimant irreparable

---

[5] Due to reversal on other grounds, we need not address Claimant's challenges to authenticity and timeliness of medical records and documents introduced by the E/C regarding "medical necessity" of the FCE.

harm. Accordingly, we GRANT the petition and QUASH the order granting the E/C's motion to compel.

OSTERHAUS, BILBREY, and WINOKUR, JJ., CONCUR.